SALLIE A. MAY, Assignee of GEORGE S. MAY, *vs.*
SAMUEL D. FORBES.

*Motion for Judgment Notwithstanding Affidavit of Defense—Authority to Execute a Sealed Instrument—Practice.*

1. Under the well settled rules governing the Court in motions for judgment notwithstanding affidavits of defense, where there is a doubt, it will be solved in favor of the defendant, and the Court will not allow what are termed " snap judgments."

2. When in an affidavit of defense filed in a suit on a mortgage, it is stated that A, acting as attorney in fact for and with due and lawful authority from the holder of the mortgage, agreed with the mortgagor by an instrument in writing duly executed under seal, that the mortgagor should have *at least* one year's notice before he should be called upon for the principal of the mortgage, the words " with due and lawful authority" imply an instrument under seal ; that is, that A was appointed attorney in fact by an instrument of as high a grade as the one he executed under seal.

(*June 8, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*William S. Hilles* for plaintiff.

*H. H. Ward* for defendant.

Superior Court, New Castle County, May Term, 1899.

*Alias Sci. Fa.* SUR MORTGAGE (No. 19 to May Term, 1899).

The following affidavit of defense was filed :

" Be it remembered that on this thirty-first day of May, A. D. 1899, before me, Lewis Sasse, a Notary Public for the State of Delaware for New Castle County, personally comes Samuel D. Forbes, the defendant above named, who, being by me duly qualified according to law, deposes and says that he verily believes there is a legal defense to the whole of the cause of action in the said

suit, the nature and character of which defense is as follows, to wit: That on the twelfth day of July, A. D. 1897, the said George S. May, the mortgagee in the mortgage mentioned in the abstract filed in this cause, said date being after the date in the assignment of said mortgage to Sallie A. May, said assignee, but upwards of one month before the date of the recording of said assignment, acting as attorney in fact for and with due and lawful authority from the said Sallie A. May, said assignee, agreed with the said Samuel D. Forbes by an instrument in writing, duly executed under seal, that the said Samuel D. Forbes should have at least one year's notice before he should be called upon for the principal of the said mortgage; that said agreement was executed and delivered by the said George S. May to the said Samuel D. Forbes; the said George S. May then and there, acting for, in the name and in behalf of the said Sallie A. May as and for her agreement with the said Samuel D. Forbes, and was binding upon the said Sallie A. May ; that the said Samuel D. Forbes had no notice before the bringing of this suit that he was to be called upon to pay the principal of said mortgage, and has not had the one year's notice before he was by said suit called upon to pay the principal of said mortgage.

"SAMUEL D. FORBES."

*Mr. Hilles*, for the plaintiff, moved for judgment notwithstanding the above affidavit of defense, on the ground that the affidavit set out a conclusion of law and not the facts upon which the defense was based; and that it nowhere appeared in the affidavit that George S. May had authority to execute an instrument under seal for Sallie A. May.

*Mr. Ward*, for defendant, contended that as the affidavit set out that the instrument under seal was executed by George S. May as "attorney in fact with due and lawful authority," that it was sufficient, and would include the authority to execute the said instrument under seal. That the Court in *Ridings vs. McMenamin, 1 Pennewill, 15*, had held that the allegation of "payment" was

sufficient in an affidavit of defense, and that the allegation of "due and lawful authority" was no more a conclusion of law than was the allegation of "payment."

LORE, C. J.:—Under the well settled rule governing the Court, where there is a doubt we will always solve it in favor of the defendant, and we will not allow what are termed "snap judgments." In our opinion, "due and lawful authority" does imply an instrument under seal.

Judgment is therefore refused.