FRED W. KNIGHT, PLAINTIFF-APPELLEE, v. GEORGE W. BARNWELL, DEFENDANT-APPELLANT.

Argued May term, 1925—Decided October 28, 1925.

**Negotiable Instruments—Demand Note—No Evidence of Demand For Payment Prior to Bringing Action—Interest on Demand Note Runs From Date of Demand—No Default on Demand Note Until Refusal of Payment After Demand—Judgment For Interest, Reversed, and Costs Awarded Defendant.**

On appeal from the Camden District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellee, *Thomas P. Curley.*

For the defendant-appellant, *Walter Carson.*

PER CURIAM.

This case was tried in the District Court of Camden by the court, without a jury, and resulted in judgment for plaintiff for $500 and costs.

The action was upon a promissory demand note in the amount of $400 without any mention of interest, made by defendant to plaintiff, under date of May 23d, 1921. No evidence of demand for payment of note prior to bringing of action was introduced. At close of plaintiff's case the defendant admitted liability for the principal of the note, with interest from time the suit was brought, together with costs, contending that demand was necessary to start the running of interest. The court held that interest was to be computed from the date of the note regardless of demand for payment. "Where an instrument provides for interest, it runs from the date; where no interest is reserved, interest runs from the date of maturity at the legal rate, and interest on a demand note runs from the date of demand. Interest after maturity or from demand is by way of damages. *Jacobs* v. *Murray,* 113 *Atl. Rep.* 803. There is no default on a demand note until refusal of payment after demand of payment. *Adams* v. *Adams, 55 N. J. Eq.* 42.

The defendant, however, properly contends that there was an error in the computation of interest as allowed from the date of note. We think the judgment should be reversed in that respect, and entered for the amount of the note, with interest for the sum of $6.44, being the amount due from the date of suit. We think, also, the defendant is entitled to the cost of this appeal, since he was obliged to resort to this court to correct a perfectly obvious error, which might have been corrected by consent of the parties.

The material facts not being in dispute, judgment will be reversed, but a correct judgment may be entered in this court for the plaintiff for the amount thus adjusted. *Pamph. L.* 1910, *p.* 236.

For that purpose the judgment will be reversed.