CHARLES G. JACOBS, d. b. a. v. GEORGE G. MURRAY, p. b. r.

1. BILLS AND NOTES—INTEREST—INTEREST ON DEMAND NOTE RUNS FROM TIME OF DEMAND.

When an instrument provides for interest, it runs from the date; where no interest is reserved, interest runs from the date of maturity at the legal rate; and interest on a demand note runs from the time of demand.

2. INTEREST—INTEREST ALLOWED ON GROUND OF CONTRACT OR USAGE OF TRADE.

Interest is allowed in general on the ground of contract or the usage of trade where a promise to pay interest is implied from such usage or from other circumstances.

3. BILLS AND NOTES—INTEREST—MAKER OF DEMAND NOTE, WHO RETAINED PRINCIPAL SUM AFTER DEMAND, LIABLE FOR INTEREST.

Where the maker of a demand note, after demand for payment by the payee, retained the principal sum, and made only small payments at varying and prolonged intervals, the payee, though the maker's payments equal the principal sum of the note, is entitled to recover interest from the date of demand as damages or compensation for the loss occasioned by the delay.

(*April* 11, 1921)

CONRAD, J., sitting.

*G. Dare Hopkins* for appellant.

*Edmund S. Hellings* for respondent.

Superior Court for New Castle County, March Term, 1921.

APPEAL, No. 145 to January Term, 1921.

Action by George G. Murray in the Court of Common Pleas for New Castle county, against Charles G. Jacobs. From judgment for plaintiff, defendant appeals. Judgment for plaintiff below, respondent.

Action of assumpsit on the following promissory note:

"$500.00                         New York, June 16th, 1909.

On demand after date I promise to pay to the order of George G. Murray five hundred ⁰⁰/₁₀₀ dollars at his office, 149-151 West Thirty-sixth street, New York. Value received.

[Signed]      CHAS. B. JACOBS."

The cause coming on for hearing in the Superior Court, it was agreed by counsel that it should be tried by the court without a jury.

The plaintiff below respondent claimed interest on the note from October 1, 1909, fixing that date, under oath, as when demand for payment was made on the defendant below.

The evidence showed that payments of varying amounts were made over a period of time extending from April 3, 1913, to August 1, 1919, the total amount so paid aggregating a sum equal to the principal sum of the note, and the defendant below appellant claimed that the full principal sum of note having been paid the plaintiff below respondent cannot have a recovery as for interest from date of demand or otherwise claim interest.

CONRAD, J. The question presented is whether a demand note, without express provision for the payment of interest, will bear interest from the date of demand.

[1] The law seems well settled that when an instrument provides for interest, it runs from the date; that where no interest is reserved, interest runs from the date of maturity at the legal rate; that interest on a demand note runs from the time of demand. Interest after maturity or from demand is by way of damages.

The Delaware courts have clearly recognized the principle that interest is a legal incident to the principal sum, existing from the default in the performance of the contract by the debtor, wherever there is a certainty in the sum to be paid, and the time of payment.

[2]   Further our courts have held that where a debt is wrong-
ly withheld by the defendant, after the plaintiff has endeavored to
obtain payment of it, the jury may give interest in the shape of
damages for the unjust detention of the debt.   Interest is allowed
in general on the ground of contract, or the usage of trade where a
promise to pay interest is implied from such usage or from other
circumstances.   *Stockton's Adm'r. v. Guthrie*, 5 *Harr.* 204;   *Black's
Ex'rs. v. Reybold*, 3 *Harr.* 528.

The general principle is that when the principal of a claim is
extinguished by the act of the plaintiff, or of the parties, all of
its incidents go with it.   It is on this principle that the defendant
below appellant relies, his contention being that the principal sum
of the note had been fully paid and that a suit could not now lie
for the interest.

[3]   The court cannot agree with his contention as we do not
see how that law can be applicable to this case.   Here the princi-
pal sum due by the note was retained by the defendant below ap-
pellant against the declared will of the plaintiff below respondent,
who was entitled to receive it, from the date of demand;   and as
the payments were made in small amounts and at varying and pro-
longed intervals, the settled law, together with the general usage
and practice allow the holder of the note interest as damages or
compensation for the loss occasioned by the delay.

The payments made by the defendant below appellant were
applied to the note, principal and interest from the date of the de-
mand, after the manner of partial payments, and the court finds
for the plaintiff below respondent and against the defendant be-
low appellant for three hundred and seventeen dollars and sixty-
three cents.

Let judgment be entered accordingly.