EDWARD CANBY MAY *vs.* HARRISON W. HOWELL.

1. MECHANIC'S LIENS—STATUTE HELD TO EXTEND TO SERVICES RENDERED BY ARCHITECT.

   The Mechanics' Lien Law extends to services rendered, and work and labor performed and furnished by an architect.

2. CONTRACTS—DUTIES OF ARCHITECT COMPLETING BUILDING UNDER PLANS AND SPECIFICATIONS PREPARED BY PRECEDING ARCHITECT STATED.

   An architect, employed to complete a building according to the plans and specifications of a preceding architect, is not responsible to the employer for

error in such plans and specifications, nor if the quality of material and work-manship prescribed thereby does not meet the approval or expectation of the employer, but such architect is required to complete the building in a reasonably careful and skillful manner and in substantial compliance with the plans and specifications of the preceding architect.

3. MECHANICS' LIENS—FAILURE OF ARCHITECT TO PROPERLY PERFORM WORK FOR WHICH EMPLOYED MAY BE SHOWN IN DEFENSE.

If an architect fails to properly perform the work for which he is employed and for which he seeks to recover compensation, such failure may be shown in defense of an action to enforce a mechanic's lien.

4. MECHANICS' LIENS—OCCUPANCY BY OWNER BEFORE COMPLETION HELD NOT TO BAR DEFENSE OF IMPROPER PERFORMANCE OF SERVICES.

In a suit to enforce a mechanic's lien for the services of an architect, the defense that architect failed to properly perform his work is not barred because the owner occupies the building before completion, unless it is agreed that oc-cupancy is to have that effect.

5. MECHANICS' LIENS—IMPROPER SUPERVISION MAY BE CONSIDERED IN DETERMINING AMOUNT TO WHICH ARCHITECT ENTITLED.

In an architect's suit to enforce a mechanic's lien for services rendered in completing a building according to the plans and specifications of preceding architect, plaintiff's failure to exercise reasonable care and diligence in the supervision of the completion of the building may be considered by the jury in deciding the amount to which he is entitled.

(*January* 26, 1923.)

PENNEWILL, C. J., and RICHARDS and RODNEY, J. J., sitting.

*Edward W. Cooch* for plaintiff.

*Reuben Satterthwaite, Jr.*, for defendant.

Superior Court for New Castle County, January Term, 1923.

*Sci. Fa. Sur. Mechanic's Lien, No.* 70, March Term, 1921.

The plaintiff, Edward Canby May, brought this action against the defendant, Harrison W. Howell, to recover the sum of $862.12 with interest from November 3, 1920, which sum he claims is due and owing to him for work and labor done and performed for the defendant under an agreement between the parties, for supervising the completion of a dwelling house in accordance with plans and specifications prepared by a former architect, for draft-ing extra details at 10 per cent. of cost, and preparing details to complete the former architect's work, and charging the same to suit owner at $2.00 per hour. The plaintiff's original claim was

$1,062.12, made up of the following items as shown by his bill of particulars, viz.: superintending, etc., $750.00; drafting extra details, etc., $79.12; preparing details, etc., $233.00.

A payment of $200.00 on account of said claim on August 11, 1920, is admitted by the plaintiff, leaving a balance unpaid of $862.12, for which this suit was brought.

PENNEWILL, C. J., charging the jury:

[1] This action is brought under the mechanic's lien laws of the state (*Rev. Code* 1915, § 2843 *et seq.*, and *Act Gen. Assem. April* 25, 1917 [*Del. Laws, c.* 226]), the provisions of which extend to services rendered, and work and labor performed and furnished by an architect.

It is not denied by the defendant that the work and labor claimed to have been performed or furnished by the plaintiff were for and on the credit of the dwelling house of the defendant.

[2] We say to you, gentlemen, if an architect renders services pursuant to an express contract, the amount of compensation he can receive for such services is to be determined by the terms of the contract under which he was employed. An architect, employed to complete a building according to the plans and specifications of a preceding architect, is not responsible to the employer for any errors or mistakes in such plans and specifications; nor can he be held responsible if the quality of the materials and workmanship prescribed by such plans and specifications did not meet the approval or expectations of the employer. But such architect is required to complete the building in a reasonably careful and skillful manner and in substantial compliance with the plans and specifications of the preceding architect.

The defendant does not deny that he made a contract with the plaintiff for the completion of defendant's dwelling house in accordance with the plans and specifications of a preceding architect, which contract covered the services the plaintiff was to perform and the compensation he was to receive. That contract was admitted in evidence and is before you.

The contention of the defendant, according to his pleas, is, that he is not indebted to the plaintiff: (1) because the plaintiff failed to properly superintend the completion of the erection of his dwelling house, did not compel the contractors to furnish proper materials and proper work and labor in the completion of said dwelling house; (2) because the charge for drafting extra details and the charge for extra drawings mentioned in plaintiff's bill of particulars, were unnecessary, were not ordered by the defendant, were rejected by him and not used in the completion of said dwelling house; (3) because the work and labor set out in plaintiff's bill of particulars were not performed in a careful and workmanlike manner, but on the contrary the plaintiff approved bills for contractors for final payment when said dwelling house had not been completed according to specifications, to the injury and damage of the defendant, in a larger amount of money than the plaintiff alleges to be due in this action. Such are the contentions of the defendant.

[3, 4]. If an architect fails to properly perform the work for which he was employed, and for which he seeks to recover compensation, such failure may be shown in defense of the action, and it is not barred because the defendant occupied the building before its completion, unless it was agreed by the parties that occupancy of the building should have that effect.

[5] If the plaintiff failed to exercise reasonable care and diligence in the supervision of the completion of said dwelling house, such failure should be considered by the jury in deciding what amount, if any, the plaintiff is entitled to recover.

If the jury believe from the evidence that the plaintiff failed to exercise proper care and skill in the supervision of the completion of the dwelling house of the defendant, and as a result thereof the defendant sustained damages in an amount as large as the contract price agreed to be paid plaintiff, he is not entitled to recover compensation for his services. If the jury believe the plaintiff failed to perform his contract in the supervision of said work, and as a result thereof the defendant sustained damages, but not in an amount equal to said contract price, the defendant is en-

titled to a reduction from the sum due under the contract with the plaintiff, of the amount of damages caused by plaintiff's failure to perform the contract.

But if the jury are satisfied by the greater weight of the evidence that the plaintiff reasonably and substantially complied with his contract in supervising the completion of the said dwelling house of the defendant, and properly performed the work and labor he agreed to perform he is entitled to recover.

If your verdict should be in favor of the plaintiff, it should be for such sum as you find he was entitled to receive as compensation for his services under the contract between him and the defendant, together with interest thereon. If you are not satisfied that the plaintiff is entitled to recover in any amount, your verdict should be simply for the defendant. In no event can you find a verdict for the defendant for any sum as damages.