ALBERT E. CULVER *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation of the State of New Jersey; ALBERT E. CULVER *v.* METROPOLITAN LIFE INSURANCE COMPANY, a corporation of the State of New York.

(*April* 17, 1935.)

LAYTON, C. J., and HARRINGTON, J., sitting.

*James M. Tunnell* for plaintiff.

*Frank M. Jones* for Metropolitan Life Insurance Company.

*Paul Leahy* and *David F. Anderson* (of Ward and Gray) for The Prudential Insurance Company of America.

Superior Court for Sussex County, No. 30, June Term, 1934, and No. 31, February Term, 1934.

 Norman Hoffecker, an optometrist called by the plaintiff, was asked on direct examination,

"What could you say as to the third method suggested, that of operation (on the eye)?"

Mr. Leahy, the attorney for one of the defendants, objected to the question on the ground that the witness was not a surgeon, and, therefore, was not qualified to answer the question.

LAYTON, C. J.: Q. Did you ever do any surgery on the eye?

A. No, sir; but I have the textbooks relative to it.

Mr. Leahy: Mere textbook knowledge is not sufficient.

The witness is not qualified to state what a number of surgeons have written about the subject. The question is, does he know? Is he an expert?

LAYTON, C. J.: I think the testimony of the witness ought to be confined to the field in which he has at least some practical experience. The objection is sustained.

LAYTON, C. J., charging the jury:

These actions are brought by the plaintiff, Albert E. Culver, against The Prudential Insurance Company of America and The Metropolitan Life Insurance Company, to recover from each of said companies disability benefits alleged to be due and owing the plaintiff under the terms of the respective policies which are in evidence, as well as premiums paid the companies, together with interest.

While the actions are separate ones, they are tried together for the sake of convenience, and separate verdicts will, of course, be rendered.

The plaintiff claims that he was injured in an automobile accident on February 2, 1932, as a result of which his eye sight became impaired; that what is known as double vision, partly in the upper field and also in the lower field of vision, has resulted; that there has been a progressive diminution of vision; that the use of prisms, the blocking of one eye, or other mechanical means has given no relief, and that he has not been advised by his several physicians and oculists to resort to an operation. He contends that his eyesight has become permanently impaired so far as the co-ordination of his two eyes are concerned. He contends that the impairment of sight is permanent, and by reason thereof he is unable to engage in any gainful occupation.

He also claims that he suffered some injury to the brain, which, while it has caused the impairment of sight, has also caused partial paralysis of the left arm, dizziness,

inability to co-ordinate in the use of his lower limbs, and that as a result of his injuries generally he was rendered unable permanently to engage in any gainful occupation.

His contentions are, therefore:

1. That as a result of impairment of vision he was rendered permanently incapable of engaging in a gainful occupation.

2. By reason of his injuries generally, including impairment of sight, he was rendered permanently incapable of engaging in a gainful occupation.

The defendants do not deny that the plaintiff was injured in an automobile accident as he contends, nor that he suffered some injury thereby, but they do deny total and permanent disability as a result of his injuries.

On behalf of The Metropolitan Life Insurance Company it is contended generally that the plaintiff has not been totally and permanently disabled; nor have his injuries rendered him permanently incapable of engaging in a gainful occupation, for the reason that by the blocking off of the injured eye, or by an operation, vision could be corrected to such a degree as to enable him to engage in some gainful occupation.

On behalf of The Prudential Insurance Company the same contention generally is made and, specifically, that the policy of insurance issued by it is limited to an engagement to indemnify the plaintiff against the permanent loss of the sight of both eyes; and, as the uncontradicted evidence is that the plaintiff has not suffered the permanent loss of the sight of both eyes, and that he retains ⅓ normal vision, it is not liable under its policy.

These are briefly the contentions of the respective parties. They are stated to you as contentions only, but you must rely upon your own recollection of the evidence, for the facts are for your exclusive determination.

The policy issued by The Metropolitan Life Insurance Company contains this provision which is the basis of the plaintiff's claim:

The company "Hereby Agrees, that upon receipt by the Company at its Home Office in the City of New York of due proof, on forms which will be furnished by the Company, on request, that the insured has, while said Policy and this Supplementary Contract are in full force and prior to the anniversary date of said Policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said Policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a a period of at least three months," it will during the continuance of such disability pay to the insured $10 for each $1000.00 of insurance. The policy is for $5000.00 and the monthly payment contracted for is, therefore, $50.00 per month.

In order to recover the plaintiff, therefore, must prove to your satisfaction by a preponderance of the testimony,

1. That he has become totally and permanently disabled as a result of bodily injury occurring after the issuance of the policy.

2. That by reason thereof he has been prevented from engaging in any occupation and performing any work for compensation or profit.

3. That such disability has already continued uninterruptedly for a period of at least three months.

The provision of the policy of The Prudential Insurance Company of America, upon which liability is said to arise, is as follows:

"If the Insured, after the first premium on this Policy has been paid, shall furnish due proof to the Company, while this Policy is in full force and effect and while there is no default in the payment of premium, that he, at any time after payment of such first premium, while less than sixty years of age, from any cause whatsoever shall have become permanently disabled or physically or mentally incapacitated to such an extent that he by reason of such disability or incapacity is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, the Company upon receipt of such proof will waive the payment of each premium that may become payable thereafter under this Policy during such disability. Without prejudice to any other cause of disability, the permanent loss of the sight of both eyes, or loss by severance of both hands above the wrists, or of both feet above the ankles or of one hand and one foot, shall be considered disability or incapacity within the meaning of this provision."

This policy also is for $5000 and the disability payment under the policy is $10 for each $1000, or $50 per month.

With respect to the claim of the plaintiff upon this policy, The Prudential Policy, it is based on two grounds:

1. That by reason of bodily injury the plaintiff has suffered, in effect, or for all practical purposes, the permanent loss of the sight of both eyes, and, therefore, has become wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value.

2. That as a result of his bodily injuries generally he became and remained disabled physically and was rendered wholly and permanently unable to engage in any gainful occupation.

Whether the proofs, in each case, have been made to your satisfaction, is for you to determine.

You will notice that the provision of The Metropolitan Policy refers to a total and permanent disability by reason of which the insured is prevented from engaging in any occupation and performing any work for compensation or profit. The Prudential Policy uses the words, "wholly and permanently unable to engage in any occupation or per-

form any work for any kind of compensation of financial value."

While the language of the two policies differ somewhat, the meaning is the same.

Engaging in any occupation or performing any work for any kind of compensation of financial value, and engaging in any occupation and performing any work for compensation or profit, are phrases of precisely the same meaning. The meaning is, in each case, that the insured has become physically unable to engage in any gainful occupation. The phrases, totally and permanently, and wholly and permanently, of course, have the same meaning. A total and permanent disability means that the disability is of such character that the insured has been rendered incapable of performing with reasonable regularity any substantially gainful occupation. The word, permanently, as used in both the policies in connection with the character of the disability, means that such disability was based upon a condition that rendered it reasonably certain, at the time, that it would continue throughout the life of the insured.

As to the first claim under The Prudential Policy, that is, the claim based upon the contention that the plaintiff has permanently lost the sight of both eyes for all practical purposes, we instruct you that under the evidence the plaintiff cannot recover for the reason that there is no testimony before you that the plaintiff has suffered, "the permanent loss of the sight of both eyes." These words are of plain meaning and must be understood in the sense in which they were used. There is no ambiguity with respect to this phrase and there is no need, therefore, for construction or interpretation.

With respect to the second claim of the plaintiff under The Prudential Policy, that is, the claim based upon bodily injuries generally and not dependent entirely upon impairment of sight, you may consider all the evidence in

the case relating to the bodily injuries received by the plaintiff and the general results thereof, and it is for you to determine from that evidence whether he, the plaintiff, became and remained wholly and permanently unable to engage in any gainful occupation; in other words, to recover under the terms of The Prudential Policy, it is necessary for the plaintiff to prove to your satisfaction, by a preponderance of the testimony, that he became and remained permanently disabled or physically incapacitated to such an extent that thereby he was rendered permanently and wholly unable to engage in a gainful occupation.

█ It is necessary to say to you that a person who seeks to recover disability benefits under a policy of insurance must submit to treatment, to which a reasonably prudent man would submit, to lessen the disability, if that is practicable.

If you find, therefore, that the plaintiff could be cured, or his alleged total disability lessened, either by an operation, by treatment, by wearing spectacles, or by taking such other measures as a reasonably prudent man would take, and which would have enabled him to engage in some gainful occupation, then the plaintiff cannot be said to have been permanently and totally disabled, and your verdict should be for the defendant.

Something needs to be said with regard to the testimony of expert witnesses, the physicians and oculists who have given evidence.

█ Expert testimony is the evidence of persons who are skilled in some art, science, profession or business; which skill or knowledge is not common to their fellow-men and which has come to such experts by reason of special study and experience in such art, science, profession or business. The value of such testimony depends upon the learning and skill of the expert and varies with the circum-

stances of each case. The jury should take into consideration the expert's means of knowledge, and the reasons he assigns for the opinions he has given, and give credence to his testimony as they may find his qualifications sufficient and his reasons satisfactory. The jury may accept or reject the conclusions of experts, as in their judgment they may or not be found consistent with reason and experience or otherwise satisfactory. The testimony of experts is to be considered like any other testimony, and is to be tried by the same tests, and receive just so much weight and credit as the jury may deem it entitled to, viewed in connection with all the evidence in the case.

(The Court here charged on the burden of proof and on conflict of evidence.)

Whether your verdict shall be for the plaintiff or for the defendant, or either of them, is for you to determine.

In the action against the Metropolitan Insurance Company, if you shall find from a preponderance of the evidence that the plaintiff became and remained totally and permanently disabled, as a result of bodily injury occurring after the issuance of the policy in question, so as to have been prevented thereby from engaging in any gainful occupation, your verdict should be for the plaintiff.

If you are not so satisfied, by a preponderance of the evidence, or shall find that the alleged total disability of the plaintiff could have been lessened by operation, treatment, or mechanical means, so as to have enabled him to engage in some gainful occupation, your verdict should be for the defendant.

If your verdict should be for the plaintiff in this action, it should be for the aggregate of the monthly disability benefits as provided in the policy and the amount of premiums paid, and interest, which amounts to $1676.67.

If your verdict should be for the defendant in this action, it should be simply we find for the defendant.

With respect to the action against The Prudential Insurance Company of America, bearing in mind what we have said, that no recovery by the plaintiff can be based upon impairment of eyesight alone, if you shall find, from a preponderance of the evidence, that the plaintiff became permanently disabled to such an extent that he, by reason thereof, became wholly and permanently unable to engage in any gainful occupation, your verdict should be for the plaintiff.

If you are not so satisfied by a preponderance of the evidence, or shall find that the alleged total disability of the plaintiff could have been lessened by operation, treatment, or mechanical means, so as to have enabled him to engage in some gainful occupation, your verdict should be for the defendant.

If your verdict should be for the plaintiff in this action, it should be for the aggregate of the monthly disability benefits as provided in the policy and the amount of premiums paid, and interest, which amounts to $1312.96.

If your verdict should be for the defendant in this action, it should be simply we find for the defendant.