EATHEL HOLLAND *v.* THE UNIVERSAL LIFE COMPANY, a corporation of the State of Delaware.

40

*(July* 3, 1935.)

LAYTON, C. J., RICHARDS and REINHARDT, J. J., sitting.

*Howard Duane* for plaintiff.

*Alexander Jamison* for defendant.

Superior Court for New Castle County, No. 60, May Term, 1935.

LAYTON, C. J., delivering the opinion of the Court:

It is admitted that the jurisdiction of the foreign court is impeachable, *Pritchett v. Clark,* 3 *Harr.* 517; *Thompson v. Whitman,* 18 *Wall.* 457, 21 *L. Ed.* 897; but it is urged that the record is full and complete as to jurisdiction and that a presumption of regularity obtains. So, it is argued, the affidavit of defense must deny explicitly and circumstantially the jurisdiction by setting forth facts which, if proved, would overcome the presumption; and failing this, the affidavit of defense is insufficient.

The motion for judgment must be refused. It is true that the affidavit of defense must disclose the nature and character of the defense sufficiently to show to the court on the face of it, admitting the facts to be true, that a

legal defense appears. *Flag v. Taylor,* 8 *Houst.* 165, 14 *A.* 26. But, the statutory proceeding for obtaining judgment at first term upon affidavit of demand for want of, or notwithstanding, affidavit of defense, is a summary process calling for the exercise of caution and strictness. Accordingly, it has been the settled policy of this court, where a doubt exists, whether arising from the particulars of the affidavit of demand or affidavit of defense, to resolve the doubt in favor of the defendant. 1 *Woolley Pr.,* § 289. It has been held that this must be the conclusion where there is the least doubt. *May v. Forbes,* 2 *Penn.* (18 *Del.*) 194, 43 *A.* 839; but the doubt must be based on something more tangible than mere reluctance to grant the motion, and a doubt means a real uncertainty as to whether the affidavit of defense sets out facts which, if proved, would constitute a legal defense. *Frantz v. Templeman Oil Corp.,* 3 *W. W. Harr.* (33 *Del.*) 221, 134 *A.* 47.

While it is true that the affidavit of defense under consideration does not point out in what manner the service of process was defective, yet in a broad, general way the court is advised that the defense is want of jurisdiction of the foreign court arising from a failure of lawful service of process upon the defendant.

The averment that the defendant "was not served with a summons in the said suit" readily admits of the meaning that the service of process was not accomplished in accordance with the provisions of the statute permitting the method of service. We must not be overnice in these matters. Clearly, there must exist a statute of Oklahoma governing the manner of service in such case; and, if the service was not, in fact, in strict accord with the statute, the defendant was not served with a summons in the action.

In *Stoeckle v. Gray,* 1 *Penn.* 117, 39 *A.* 775, the action was against an endorser of a promisory note. The

affidavit of defense averred that the note had not been protested according to law. It was urged that this averment stated an inference, not a fact. But, the court, in denying a motion for judgment notwithstanding the affidavit of defense, held that the defendant, an endorser, was not liable unless the note had been protested according to law, and consequently, the averment indicated a legal defense.

In *May v. Forbes, supra,* the usual affidavit of demand was filed in a mortgage foreclosure proceeding. The affidavit of defense alleged that the mortgagee's attorney in fact, with "due and lawful authority" from him, agreed in writing under seal to give the defendant one year's notice of foreclosure. It was contended that the affidavit of defense set out a conclusion, and not the facts, for it did not appear that there was authority to execute an instrument under seal. But, the court held that the words, "due and lawful authority," implied an instrument under seal, and the doubt was determined in favor of the defendant.

So here, we think, the affidavit of defense alleges something more than a mere legal conclusion. Due service of process is a combination of law and fact, and the averment that the defendant was not served with a summons states a fact, which if proved, constitutes a legal defense.

We are the more confirmed in our opinion that the motion must be denied because of the doubt whether the plaintiff should have judgment even if no affidavit of defense had been interposed.

The affidavit of demand does not set forth the Oklahoma statute under which the supposed service of process was accomplished. The statute is not judicially noticed. *Thomas v. Grand Trunk Railway Company,* 1 *Penn.* 593, 42 *A.* 987; *Wolf v. Keagy,* 3 *W. W. Harr.*

(33 *Del.*) 362, 136 *A.* 520. Its requirements are unknown, and the court is unable to decide whether those requirements have been met.

█ Whenever it appears from an inspection of the record of a court of general jurisdiction that the defendant against whom a personal judgment or decree was rendered was, at the time of the alleged service, without the territorial jurisdiction, and thus beyond the reach of its process, and that he never appeared in the action, the presumption of jurisdiction over his person ceases, and the burden of establishing jurisdiction is cast upon the party who invokes the benefit of the judgment or decree; and, even though the court be one of record and of general jurisdiction, if the judgment be in proceedings which are special and statutory and not according to the course of common law, no presumption of jurisdiction will be indulged. 3 *Freeman, Judgments,* § 1370; 34 *C. J.* 1140, 1141; *Old Wayne Mut. Life Ass'n v. McDonough,* 204 *U. S.* 8, 27 *S. Ct.* 236, 51 *L. Ed.* 345; *Douglass v. Phoenix Ins. Co.,* 138 *N. Y.* 209, 33 *N. E.* 938, 20 *L. R. A.* 118, 34 *Am. St. Rep.* 448; *Tucker v. Columbian Nat. Life Ins. Co.,* 232 *Mass.* 224, 122 *N. E.* 285; *Green v. Equitable Mut. Life, etc., Ass'n,* 105 *Iowa* 628, 75 *N. W.* 635.

Moreover, the record does not disclose that the contract of insurance sued upon in the Oklahoma court was entered into in that state, and we are not prepared to say, not knowing the provisions of the statute, that the defendant agreed that service of process upon the Secretary of State would suffice to bring the defendant into court with respect to all business transacted by it, no matter where, with, or for the benefit of, citizens of Oklahoma. See *Old Wayne Mutual Life Ass'n v. McDonough, supra.*

█ Even if we were not satisfied that the affidavit of defense states a legal defense and its nature and character,

we nevertheless would entertain a substantial doubt with respect to the sufficiency of the affidavit of demand.

The motion for judgment is refused.