JAMES R. NELSON and JOSEPH ERNEST RICHARDS, Plaintiffs below, Plaintiffs in Error, *v.* CANADIAN INDUSTRIAL ALCOHOL COMPANY, LTD., Defendant below, Defendant in Error.

(*February* 15, 1938.)

WOLCOTT, Chancellor, LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Hugh M. Morris* and *Ivan Culbertson* for Plaintiffs below, Appellants.

*Caleb S. Layton* and *Robert H. Richards, Jr.,* (of Richards, Layton and Finger) for Defendant below, Defendant in Error.

Supreme Court, No. 2, October Term, 1937.

RODNEY, J., delivering the opinion of the Court:

In the briefs of the plaintiffs in error much space is devoted to the abstract question as to whether interest can be computed and collected from the date of a verdict, rather than from the date of the judgment, where an appreciable time has elapsed between the rendition of the verdict and the entry of the judgment. We think that no such question is properly before us. The sole question for determination is whether interest from the date of the verdict could be collected on the judgment entered in this case.

The verdict of the jury was rendered on April 13, 1935. Motions in arrest of judgment and for a new trial, and the consideration by the Court of these motions, delayed the matter until September 13, 1935, when the following judgment was entered:

"And now to-wit this Thirteenth day of September A. D. 1935 judgment on verdict in favor of the plaintiffs for the sum of one hundred thousand dollars besides costs etc."

No motion was made by the plaintiffs looking toward the reformation of the judgment, or in any way seeking the inclusion of interest from the date of the verdict. The judgment has always remained as originally entered.

After the final judgment had been affirmed by the Supreme Court the defendant paid the judgment, together with interest accruing from the date of the judgment, and the costs of the case.

The plaintiffs refusing to satisfy the judgment, thereupon the defendant presented its petition praying for a rule on the plaintiffs to show cause why the judgment should not be satisfied of record. The Statute under which the petition was filed, *Section 3694, Revised Code of* 1935, in part provides: "Upon the return of said rule, if the Court shall be satisfied from the evidence produced that such * * * judgment, together with all interest and costs due thereon, has been satisfied and paid," the court shall make an order for the satisfaction of the judgment.

The question before the Court on the hearing of the rule was whether the judgment "together with all interest and costs due thereon" had been paid.

It is quite evident that the Court clearly understood the narrow question before it, for, while in the opinion reported in 8 *W. W. Harr.* (38 *Del.*) 165, 189 *A.* 591, 593, there is some general discussion as to interest on verdicts and the necessity of an order for the inclusion of such interest, the Court then said,

"It is, however, unnecessary for us to decide that question as the precise question for our determination seems to be whether any such interest on the verdict can be collected on the judgment entered in this case."

The question before the Court was the amount due on the judgment as entered, and not the determination of a different amount to which the plaintiff might consider himself entitled.

██ ██ The question might be tested by a reversal of the means looking toward the satisfaction of the judgment. If, instead of the defendant's petition for the satisfaction of the judgment, the plaintiffs had issued execution on their judgment for the collection of the amount due thereon, we think the recovery would have been limited to the actual judgment on which the execution was issued. A judgment includes all amounts for which execution may properly issue. 2 *Freeman on Judgments, p.* 1954.

Judgment below will be sustained.