## STENTOR ELECTRIC MFG. CO., Inc., v. KLAXON CO.

No. 7398.

Circuit Court of Appeals, Third Circuit.

Reargued Dec. 5, 1941.

Decided Feb. 9, 1942.

John Thomas Smith, of New York City, and James D. Carpenter, Jr., of Jersey City, N. J. (Henry M. Hogan and Robert H. Spreen, both of New York City, and Kevin McInerney, of Rochester, N. Y., on the brief), for appellant.

E. Ennalls Berl, Paul Leahy, and Southerland, Berl, Potter & Leahy, all of Wilmington, Del. (Murray C. Bernays and Abraham Friedman, both of New York City, on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

The litigation between these parties was originally tried in the District Court for the District of Delaware where judgment was given for the plaintiff. 1939, 30 F. Supp. 425. That judgment was affirmed in this court. 3 Cir., 1940, 115 F.2d 268. The Supreme Court allowed certiorari on one point only: whether a provision of the New York Civil Practice Act regarding moratory interest is applicable to an action in the Federal District Court for Delaware. 1941, 312 U.S. 674, 61 S.Ct. 734, 85 L.Ed. 1115. The decision of the Supreme Court remanded the case to this court for decision in conformity with the law of Delaware, 1941, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477. The basis of the remand was that, following the principle expressed in Erie R. R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487, a Federal court,

in diversity of citizenship cases, is to follow the conflict of laws rules of the state in which it sits. "The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts." The portion of the litigation which is to receive further consideration by us upon the remand is a narrow one. It has to do solely with the question whether, under the rules of conflict of laws prevailing in the Delaware courts, reference was properly made to the New York statute providing for interest in actions for breach of contract.[1] The other points of dispute involved in the action are settled by the former decision of this court and the Supreme Court's limitation of review to the one point mentioned.

■ Although neither of the parties to this litigation could be expected to admit it categorically, it is clear after an extended search that there is no square Delaware authority which holds that in a suit in Delaware on a contract made and performable elsewhere, the Delaware court will refer to the law of the place of performance to determine whether interest as damages is recoverable and, if so, at what rate. The plaintiff cites cases like Maberry & Pollard v. Shisler, 1833, 1 Har., Del., 349; Mackenzie Oil Co. v. Omar Oil & Gas Co., 1929, 4 W.W.Harr. 435, 34 Del. 435, 458, 459, 154 A. 883; and Phœnix Oil Co. v. Mackenzie Oil Co., 1930, 4 W.W.Harr. 460, 34 Del. 460, 479, 480, 154 A. 894. Such cases show that Delaware courts in following the general conflict of laws rule look to the place of contracting to determine the validity of a contract. They are relevant for our purpose to the extent only of showing that the courts of Delaware follow, as would be expected, the general rules of the conflict of laws.

■ Then both parties have cited Canadian Industrial Alcohol Co. v. Nelson, 1936, 8 W.W.Harr. 26, 38 Del. 26, 58, 188 A. 39, 53. This was a suit in Delaware to recover damages for breach of an agreement to pay a commission. The court, in discussing the measure of damages, said that "* * * the obligation to pay damages for the non-performance of a contract is a matter of substantive right, imposed by the law as a substitute for performance, and should, therefore, be measured by the law of the ¬lace where such performance was promised". This does not settle automatically the question of the instant case. But it does indicate Delaware acceptance of the prevailing view that the measure of damages is a matter of substance and that a Delaware court should refer it, in a contract case, to the law of the place of performance of the contract.

The next question is whether Delaware decisions have set down a different rule where the problem involved is interest given as damages (moratory interest). Here must be kept in mind the obvious but important point that we are not dealing with the allowance of interest or rate of interest as an express or implied term of a contract, but an obligation to pay interest "in the nature of damages for the delay in payment".[2] Barstow v. Thatcher, 3 Houst., Del., 32 is cited by the plaintiff for the proposition that the rate of interest is governed by the lex loci. The report of the case is not very helpful; it was a nisi prius case. The reporter gives a statement of facts, a summary of argument of counsel and of the judge's charge. The last sentence of the latter says: "As to the rate of the interest, if the contract was made in New York, it should be seven, but if in this state, it should be six per cent. only." From the context it appears likely that a moratory interest problem was involved. There was no problem of separate places of contracting and of performance, so far as appears from the facts. For whatever

---

[1] Section 480, New York Civil Practice Act: "Interest to be included in recovery. Where in any action, except as provided in section four hundred eighty-a, final judgment is rendered for a sum of money awarded by a verdict, report or decision, interest upon the total amount awarded, from the time when the verdict was rendered or the report or decision was made to the time of entering judgment, must be computed by the clerk, added to the total amount awarded, and included in the amount of the judgment. In every action wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded."

[2] Judge Harrington in Nelson v. Canadian Industrial Alcohol Co., 1937, 8 W. W.Harr. 165, 38 Del. 165, 171, 189 A. 591, 593.

authority it has, the case may be taken as indicating that the Delaware view is that the rate of moratory interest is determined by the law of the place of payment.[3]

■ The defendant, on the other hand, makes the broad claim that the Delaware courts classify moratory interest as procedural and apply the Delaware internal law. Careful reading of the authorities cited leaves us with a conclusion far short of this statement. The argument begins with the case of Stockton's Adm'r v. Guthrie, 1849, 5 Har., Del., 204. What the case decided was that interest could be recovered as a matter of right whenever the principal sum is payable by contract on a day certain. The court did say, as the defendant quotes, "that the allowance of interest is in general a rule of practice". But it is certainly clear from a reading of the opinion that the judge writing it was not making any characterization of interest as substance or procedure for a conflict of laws case. Jacobs v. Murray, 1921, 1 W. W.Harr, 209, 31 Del. 209, 113 A. 803, was a suit upon a demand note made in New York. Defendant had paid an amount equal to the principal sum in various instalments. The question was whether the plaintiff could have interest in addition. The court said that interest was recoverable as a matter of right and allowed it. There was no discussion of any other law but the internal law of Delaware. There is no indication in the report, however, that either court or counsel had considered the possibility of the application of any other than the Delaware rule to the facts. Delaware state courts do not take judicial note of the law of other states.[4] The only relevancy of this decision, then, to the facts in controversy here is for its possible negative support of the rule urged by the defendant. Such support is so weak as to be almost trifling.

Then the defendants urge the litigation subsequent to the decision on the main points in the case of Nelson v. Canadian Industrial Alcohol Co., 1937, 8 W.W.Harr. 165, 38 Del. 165, 189 A. 591. They say that

if the New York statute would be applied by Delaware courts, the plaintiff was entitled to have it applied in this case just as much as in the case at bar. In the main litigation there is nothing to indicate that anybody ever thought of the New York statute. Defense counsel for Klaxon informed us that it was cited by counsel to the Delaware court in the concluding chapters of the Nelson litigation. Following the recovery of judgment for the plaintiff, the defendant had paid the judgment and costs and interest from the date of the judgment. The plaintiff refused to give formal satisfaction of the judgment unless the defendant paid, also, interest from the date of the verdict to the date of the judgment. Thereupon, the defendant petitioned to secure a rule on the plaintiff to show cause why the judgment should not be satisfied of record and the court ordered the judgment so satisfied. It is to be observed that plaintiff had recovered his judgment. He had not asked to have it amended or reformed, but had simply refused to give a satisfaction piece until he got some more money. Judge Rodney said in the Delaware Supreme Court's affirmance of the case: "The question before the Court was the amount due on the judgment as entered, and not the determination of a different amount to which the plaintiff might consider himself entitled."[5] Our conclusion is that there is nothing in this second Nelson case which bears on the problem in the instant litigation.

We find nothing in the Delaware cases, therefore, which even tends to establish the proposition that in a conflict of laws case the Delaware courts classify recovery of moratory interest as a procedural problem and look to the internal law. Nor do we find it clearly established that Delaware courts regard moratory interest as substantive and refer the matter to the law of the place of performance of the contract.

■ What is a federal court to do, then, when the question before it is a matter of state law and there is found no conclusive authority in the state decisions up-

3 Defendant, however, makes the wide contention based on this case that even if the plaintiff could exhibit clear Delaware authority laying down the rule that in determining the allowance of moratory interest Delaware courts look to the lex loci, the rule would necessarily be subject to the condition precedent that the locus be determined by the jury. This is incorrect as may be seen by the consideration of the problem by the Delaware court in Canadian Industrial Alcohol Co. v. Nelson, 1936, 8 W.W.Harr. 26, 38 Del. 26, 188 A. 39.

4 Holland v. Universal Life Co., 1935, 7 W.W.Harr. 39, 37 Del. 39, 180 A. 328.

5 Nelson v. Canadian Industrial Alcohol Co., 1938, 9 W.W.Harr. 184, 39 Del. 184, 186, 197 A. 477, 478.

on the point? Both of the parties urge upon the court the ascertainment of the state law "from all the available data".[6] We accept that admonition completely and follow it. Among the items of data available is the approach of the Delaware Supreme Court to this kind of problem in the Nelson case. The court accepted the legal theory of the measure of damages as a matter of substance and that reference will be made to the appropriate foreign law. That law the court held was the law of the place of performance. It did not have previously decided Delaware cases to settle the point. It examined and cited cases from other states, three current textbooks in the Conflict of Laws and the Restatement. It accepted and applied what was set forth in these sources. This seems to us strong evidence of what the Delaware court would do in a conflict of laws problem, and the case gains additional strength from the fact that it was recently decided. We think it not without significance, also, that the Restatement of the law has been cited in sixty-eight instances in reported Delaware decisions and that fourteen of these citations are to the Conflict of Laws. The conclusion is that the former decision of this court, in treating the matter of moratory interest as a matter of substance referable to the law of the place for performance of the contract is the same conclusion to which a Delaware state court would come on the same question, subject only to consideration of Delaware rules with regard to the recovery of interest.

The defendant contends that the granting of moratory interest by Delaware law is a matter for the discretion of the jury. This being so, he says, for a court to add interest after a verdict is erroneous. The plaintiff denied that recovery of interest is discretionary by Delaware law and maintains, further, that if the jury fails to include it in the proper case the court can add it after verdict. Before passing upon the contention it is well to ask what bearing it has on the problem in the case at bar. If the cases cited to us were cases in which the facts occurred in a state other than Delaware, and by the law of that state the plaintiff was entitled to interest and despite the showing of this law the reference was nevertheless made by the Delaware court to the internal law of Delaware, then the cases would have high significance indeed. In fact they would be conclusive. But they present no such fact situations. They are cases which have to do with the recovery of interest in a Delaware court upon cases involving Delaware facts.[7] Now the internal law concerning the circumstances under which interest can be recovered as a matter of right in Delaware for a Delaware transaction does not control this case. The most it could show would be that the Delaware practice is so firmly settled a part of Delaware policy that the reference to the foreign law in the case of a foreign transaction would be rejected in favor of the internal law of Delaware.[8] Certainly any broad conclusion along this line is expressly negatived by the court's full reference to the foreign law in Nelson v. Canadian Industrial Alcohol Co., 1937, 8 W.W.Harr. 165, 38 Del. 165, 189 A. 591.

We do not think, therefore, that this question of the internal law of Delaware with regard to the recovery of interest is of any weight in concluding this case. And, in any event, it is far from settled that defendant's contention is accurate. We do find, especially in one early case, this language: "* * * where there is no usage; no precise time of payment fixed; no account rendered, or demand made; it is not usual for the court to direct interest to be given; but to leave it to the jury, under all the circumstances of the case, to give or refuse damages for the detention of the debt."[9] There is likewise permissive language used in a charge to the jury in Morrow v. Frankish, 1913, 4 Boyce, Del., 534, 89 A. 740 and obiter in Jacobs v. Murray, 1921, 1 W.W.Harr, 209, 31 Del. 209, 113 A. 803.[10] But in numerous other

---

6 This language is quoted from the opinion of Mr. Justice Stone in West v. American Tel. & Tel. Co., 1940, 311 U. S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139, 132 A.L.R. 956.

7 One exception is Jacobs v. Murray, supra, which has already been commented upon.

8 The only other theory on which it would be of importance is if the Delaware conflicts rule were to the effect that the

matter of moratory interest was one of procedure, to be determined by application of the internal law of the forum. This approach is eliminated, however, by the Canadian Industrial Alcohol and other cases already discussed above.

9 Black's Ex'rs v. Reybold, 3 Har., Del., 528, 530.

10 This was obiter because the case was one tried without a jury and the court allowed interest.

cases judges have instructed juries upon the allowance of interest without leaving the matter of its recovery to any discretion on the part of the jurors. See, e. g., State of Delaware v. Massachusetts Bonding & Ins. Co., 1939, 1 Terry 274, 40 Del. 274, 9 A.2d 77 (balance due on sale of goods); Drew & Co. v. Southern Grocery Stores, Inc., 1935, 7 W.W.Harr. 355, 37 Del. 355, 183 A. 511; Culver v. Prudential Ins. Co., 1935, 6 W.W.Harr. 582, 36 Del. 582, 179 A. 400 (insurance); Brooks Transportation Co. v. Merchants' Mutual Casualty Co., 1933, 6 W.W.Harr. 40, 36 Del. 40, 171 A. 207 (indemnity). It is evident that the rule of law with regard to the recovery of interest as damages in Delaware has proceeded as it has elsewhere, namely, from the status of discretionary award by a jury to a matter of right.[11] It may be added that it is now settled in Delaware that the court may correct a jury's verdict by additur with regard to an item, the amount of which is definite, which the jury should by law have included but did not. This was expressly said to include interest and earlier cases to the contrary were overruled. Rudnick v. Jacobs, 1938, 9 W.W.Harr. 169, 39 Del. 169, 197 A. 381.

Our conclusion, then, with regard to the interest cases on controversies involving only the internal law of Delaware is that they are not conclusive here. But to the extent which they bear on the question at all they show a recognition in the Delaware law with regard to damages that moratory interest is a matter of right and plaintiff is entitled to it on that basis.

 This brings us back to the main question. That concerns the applicability of the New York statute, cited above, to the plaintiff's recovery in this case. Defendant contends that even assuming that § 480 of the New York Civil Practice Act

is applicable to the case as a matter of conflict of laws, nevertheless the award of interest must be set aside. He cites to us a decision of the Appellate Division of the Supreme Court of New York decided in May, 1941, several months following the first opinion of the court in this case. The decision is First International Pictures, Inc., v. F. C. Pictures Corp., 1941, 262 App. Div. 21, 27 N.Y.S.2d 816. This litigation involved the appeal from an order directing the clerk to add interest to a verdict which the plaintiff had theretofore recovered against defendants. It was held that the order adding interest was improperly made and was, therefore, reversed. The court said: "* * * there is nothing in the record to show that the jury was not instructed to include interest in their verdict. * * * It is of course not certain that the jury were instructed to include interest in their verdict. But it is also not certain that they were not so instructed." The charge of the learned trial judge in the instant case is included in the record before us. The jury was not instructed to include interest. It was instructed, in general terms, that the verdict, if for the plaintiff, "should be * * * in such amount as will compensate it for the damages flowing from such breach". This does not include any reference to interest, and we think that in the absence of such a reference it must be held that the jury was not instructed to include interest.[12] In the absence of such an instruction it cannot be said that the verdict, rendered for the round sum of $100,000, did include interest. Conceding for the moment that we are bound to give the construction to this New York statute that the New York courts give the case cited does not establish that it was incorrect to apply the statute to the set of facts of the case at bar.[13]

---

[11] See generally 1 Sedgwick on Damages (9th Ed. 1912) §§ 295–298. This suffices also to explain an early torts case, Bailey v. Capelle, 1 Har., Del., 449, where the question of interest was left to the discretion of the jury in an action for conversion. Vaughan v. Webster, 1849, 5 Har., Del., 256. The decision is explained further by the fact that interest in tort cases is often held to be on a different footing. 1 Sedgwick on Damages, §§ 316 et seq.

[12] There is one Delaware case where after language similar to that quoted above, the judge went on in his charge to the jury to make specific reference to

interest. May v. Howell, 1922, 2 W.W. Harr. 221, 32 Del. 221, 121 A. 650.

[13] In our judgment counsel shoots wide of the mark when he states that the New York decision is controlling "as a matter of constitutional right under the doctrine of the Tompkins' case". The Supreme Court doctrine, as we conceive it to be, is that lower federal courts shall handle questions of state law as a state court would handle them. In this case what we are concerned with is that part of the Delaware state law having to do with the trial of a case involving a New York contract. The New York law is a question of fact to the Delaware court, in

The defendant's final point is that the federal court may not increase the verdict of a jury. For that it cites Mutual Ben. Health & Accident Ass'n v. Thomas, 8 Cir., 1941, 123 F.2d 353. We are very doubtful whether that point is now available to the defendant. It was raised in its petition to the Supreme Court for certiorari as follows: "(2) Whether a Federal District Judge may add $60,000 of moratory interest to a verdict for $100,000, where damages were highly uncertain both as to amount and date of accrual and where there was no means of determining whether the verdict as rendered included interest." The Supreme Court took the case only on the point set out earlier in this opinion. We were directed to examine this case with regard to the correctness of the application of the New York statute in the light of the law of Delaware. This we have endeavored to do. We were not told to reconsider anything further.

The decision cited, however, presents quite a different case from the one at bar. There the trial court, by adding to the verdict, really was so far correcting the verdict of the jury as to substitute its own judgment for that of the jury. Here the application of the New York statute did not review or revise the jury's verdict but accepted it. Then the court added interest to the compensation found to be coming to the plaintiff, as provided by New York law.

The judgment of the District Court is affirmed.

whose province it lies to evaluate the New York law, including cases such as the First International Pictures case. Further, the latter case stands for no more than an interpretation by a New York court of a particular charge to the jury. It is of interest to, but not binding upon, a Delaware tribunal.