## WALTEMEYER v. STOGNER.
### No. 1181.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 4, 1952.

Decided March 17, 1952.

Rehearing Denied April 7, 1952.

Milton Kaplan, Washington, D. C., for appellant.

C. Louis Knight, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a summary judgment against defendant below. The facts, as disclosed by the pleadings, affidavits and exhibits, are that plaintiff sustained personal injuries and property damages as the result of a collision in North Carolina between his automobile and a truck operated by one Clark; that plaintiff brought suit in North Carolina against Clark and "C. Waltermyer" and service was made upon the Commissioner of Motor Vehicles of that State who sent notice by registered mail to "C. Waltermyer" in the District of Columbia; that appellant received the registered mail notice and signed the receipt by his name "Christopher Waltemeyer"; that appellant made no appearance in the North Carolina suit and judgment was taken there by default against "C. Waltermyer" for $1,500; and that suit was brought against appellant in the District of Columbia on the North Carolina judgment.

In opposition to the motion for summary judgment appellant filed affidavits stating that his name is Christopher Waltemeyer and that he was not the person sued in North Carolina; that the truck operated by Clark was owned by appellant's son, Rudolph Christopher Waltemeyer; and that

the "C. Waltermyer" named in the North Carolina proceedings was not appellant but was his son Rudolph Christopher Waltemeyer.

The defense raised by appellant's answer and affidavits is not stated with certainty or clarity, but we think in a broad and general way it questions the jurisdiction of the North Carolina court in rendering judgment against appellant. The right of one sued on a foreign judgment to question the jurisdiction of the court to render such judgment is clear. Generally there is a presumption that a court of general jurisdiction, as the North Carolina court appears to be, had jurisdiction of the subject matter and the parties and such presumption is conclusive until lack of jurisdiction is affirmatively shown. To this general rule, however, there is an exception, stated by Freeman as follows: "Whenever it appears from an inspection of the record of a court of general jurisdiction that the defendant against whom a personal judgment or decree was rendered was at the time of the alleged service without the territorial jurisdiction and thus beyond the reach of its process and that he never appeared in the action, the presumption of jurisdiction over his person ceases, and the burden of establishing jurisdiction is cast upon the party who invokes the benefit or protection of the judgment or decree.[1]

In the instant case the record shows that although a personal judgment was rendered against appellant in North Carolina, service was made on the Commissioner of Motor Vehicles of North Carolina, who sent notice by registered mail to appellant in the District of Columbia, and that appellant made no appearance in the North Carolina proceedings. This method of service apparently was in accord with the North Carolina statute relating to the use of the highways of that state by non-residents. The constitutionality of such statutes has been upheld but the basis for the validity of service under those statutes is the use of the highways by a non-resident.[2] There is nothing in the record to show that appellant ever used the highways of North Carolina. It is true that the North Carolina suit was apparently instituted against appellant on the assumption that the truck operated by Clark was owned by appellant, but appellant has denied such ownership. However, ownership or lack of ownership is of no legal consequence under the North Carolina statute. A non-resident is amenable to the statute when he personally operates a car or a car is operated for him or under his control and direction.[3]

Since there was nothing in the record to show the basic facts necessary for the North Carolina court to acquire jurisdiction over appellant through the method of service used, it was error to grant summary judgment.

Reversed.

1. Freeman on Judgments, 5th ed., § 1370. See also Galpin v. Page, 18 Wall. 350, 21 L.Ed. 959; Old Wayne Mutual Life Ass'n v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345; Drummond v. Lynch, 5 Cir., 82 F.2d 806; Holland v. Universal Life Co., 7 W.W.Harr. 39, 37 Del. 39, 180 A. 328; Farrow v. Railway Conductors' Co-op. Protective Ass'n, 178 Mich. 639, 146 N.W. 147; Rand v. Hanson, 154 Mass. 87, 28 N.E. 6, 12 L.R.A. 574; Laughlin v. Hughes, 161 Or. 295, 89 P. 2d 568.

2. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Ashley v. Brown, 198 N.C. 369, 151 S.E. 725.

3. Davis v. Martini, 233 N.C. 351, 64 S.E. 2d 1.