Julius CHERRY, Defendant Below, Appellant,

v.

Hope T. PIETSCHMANN, Harry A. Reynolds, Jr., Rita Reynolds, his wife, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Nov. 6, 1969.

F. Alton Tybout of Tybout & Redfearn, Wilmington, for defendant below, appellant.

John A. Faraone, Wilmington, for plaintiffs below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

In this appeal from a judgment for the plaintiffs in an automobile negligence case, the defendant asserts that the Trial Court erred in its rulings as to the admissibility of certain expert medical testimony.

The crux of the matter was the permanency of the injuries claimed. The physician testifying for the plaintiffs stated there was permanency; the physician testifying for the defendant stated to the contrary. The defendant attempted to elicit from each physician the proposition that, based upon his total professional experience, injured persons as a general rule are likely to overstate their claims so long as litigation is pending. The Trial Court sustained objections to such general questions on the ground that, to be admissible, the line of inquiry must be connected to these plaintiffs specifically.

We hold that the Trial Court was correct in its rulings. The experience of the physicians with other patients generally, regarding overstatement of claims during the pendency of litigation, must be classified irrelevant unless tied into the attitudes and reactions of these plaintiffs specifically. The Trial Court invited the defendant to connect the plaintiffs to the proferred line of questioning; but the defendant was either unable or unwilling to do so.

The defendant relies on various statements of our courts to the effect that the value of an expert's testimony depends upon his sources of information and knowledge and the reasons he assigns for the opinions he gives; and that an expert witness may be cross-examined as to the grounds and bases of his opinion. E. g., Culver v. Prudential Insurance Company of America, Del.Super., 6 W.W.Harr. 582,

179 A. 400 (1935); Wilmington Housing Authority v. Harris, Del.Super., 8 Terry 469, 93 A.2d 518 (1952); Hercules Powder Co. v. DiSabatino, Del.Sup., 188 A.2d 529 (1963); Bd. of Education of Claymont Special School District v. 13 Acres of Land, etc., Del.Super., 11 Terry 387, 131 A.2d 180 (1957).

There can be no quarrel with the correctness of the general rule for which the cited cases stand. But the defendant is not aided thereby. The defendant's problem is one of relevancy; and none of the cases cited supports the relevancy of the general unconnected line of inquiry here attempted.

We find no error. Affirmed.