## JOHANNA STOECKLE *vs.* GEORGE W. GRAY.

*Action on Promissory Note—Affidavit of Defense—Pleading and Practice.*

1. In an action on a promissory note against an endorser, an affidavit of defense setting forth that "the said promissory note was never protested according to law" is sufficient.
2. Where there is any doubt, the Court will never give judgment.

(*December 4, 1897.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*Harry Emmons* for the plaintiff.
*J. Harvey Whiteman* for the defendant.

Superior Court, New Castle County, November Term, 1897.
ACTION on a promissory note against an endorser. The affidavit of defense filed set out that " the said promissory note was never protested according to law."

*Mr. Emmons* asked for judgment notwithstanding the affidavit of defense, contending that the facts upon which it was claimed the note was not protested according to law should appear in the affidavit. That it did not state a fact but only a mere inference, and that it was for the Court to say whether or not the protest was made according to law.

*Mr. Whiteman:*—The affidavit of the cause of action shows it was not protested according to law.

SPRUANCE, J:—The affidavit and copy of the cause of action filed by the plaintiff show that the note was made by Mills to the order of Gray and Stoeckle and by them endorsed. Therefore the connection of Gray with the note is shown to be that of an endorser. He is not liable unless the note was protested. In his affidavit of defense he states that he has a legal defense and that the note was not protested according to law. This is sufficient.

LORE, C. J:—If it was not protested according to law, it could not bind the defendant. The rule is, that where there is any doubt we never give judgment. We think that this is sufficient to carry it over.

Judgment refused.