GEORGE A. TILDEN *vs.* E. A. STEVENSON AND COMPANY, INC.

(*February* 12, 1926.)

RODNEY, J., sitting.

*James R. Morford* (of Marvel, Layton, Hughes and Morford) for plaintiff.

*E. Ennals Berl* for defendant.

Superior Court for New Castle County, January Term, 1926. No. 30, January Term, 1924.

RODNEY, J., delivering the opinion of the court:

It may be conceded at the outset that a special plea which amounts to the general issue is bad, and will, on motion, be stricken out. *Wooley's Delaware Practice*, § 474; *Prettyman v. Short*, 5 *Harr.* 360; *Collins v. Bilderback*, 5 *Harr.* 133, 135; *Emmons v. Home Insurance Co.*, 1 *Penn.* 83, 39 *A.* 775.

But, as observed by Lord Chief Justice Denman, in *Hayselden v. Steff*, 5 *Ad. & El.* 153, 31 *E. C. L.* 562, 111 *Eng. Reprint*, 1124:

"There is a great distinction between the case of a plea which amounts to the general issue and a plea which discloses matter which may be given in evidence under the general issue."

The general issue is a denial of the whole substance of the declaration and puts upon the plaintiff the necessity of establishing all the essential allegations of the narr. But a plea which gives express or implied color to the plaintiff's statement and admits that statement to be true, but makes defense by setting up new matter in avoidance, can never be said to amount to the general issue, for the obvious reason that the element of denial is absent.

In *Collins v. Bilderback*, 5 *Harr.* (*Del.*) 133, 135, the court held that matters of excuse or justification might be pleaded with the general issue, holding that "no plea which admits the truth of the declaration can be said to amount to the general issue." This is true even "though the matter might have been given in evidence under that general issue." *Gould's Pleading* (5th Ed.) 308. I am of the opinion that the plea does not amount to the general issue.

The remaining ground of demurrer must also be overruled. The plea expressly states that the plaintiff was employed by the defendant as a salesman for the defendant, and for the defendant's subsidiary company, all of the stock of which was owned by the defendant. While so employed by the defendant it is charged that the plaintiff was dishonest and embezzled the money and property of the subsidiary. All of these facts are admitted by the demurrer. While the alleged acts of dishonesty were committed with relation to the property of the subsidiary company, yet they all happened not only while the plaintiff was in the employ of the defendant, but they happened solely as the result of such employment. It is not even suggested that the subsidiary company employed the plaintiff, but it is expressly charged that the plaintiff was employed solely by the defendant to act in two capacities. In one of these capacities it is alleged that he was dishonest. I know of no authority, nor any reason on which an authority could be

based, which holds that under such circumstances the employer is compelled to retain such employee in his service. When duly proved it would, in my opinion, constitute a valid ground of discharge. All of the authorities hold that misconduct which is inconsistent with the relation of employer and employee will justify the former in terminating the relationship.

In addition to the foregoing justification for the discharge I am of the opinion that a sales manager who embezzles from a subsidiary company, all of the stock of which company is owned by the employer, is guilty of an act prejudicial to the interests of the employer. The authorities uniformly hold such act a justification for a discharge. In *re Nagel* (*C. C. A.*), 278 *F.* 105, 109.

The demurrer to the third plea is overruled. The demurrer to the fourth plea, that of set-off, is sustained.