FRANK FRANTZ, JR., *vs.* TEMPLEMAN OIL CORPORATION.

(*June* 30, 1926.)

PENNEWILL, C. J., RICE and RODNEY, J. J., sitting.

*Caleb S. Layton* for plaintiff.

*William S. Hilles* for defendant.

Superior Court for New Castle County, May Term, 1926. No. 92, May Term, 1926.

PENNEWILL, C. J., delivering the opinion of the court:

■ It is true that under the Delaware statute the affidavit of defense must, to be effective, set forth not only a legal defense but the nature and character of such defense so that the court may pass upon the legal effect of the facts stated.

■ While this is true it is equally true that the court will not permit a plaintiff to enter judgment on an affidavit of demand, sometimes called a snap judgment, if there is an affidavit of defense filed, and there is anything in such affidavit which convinces the court that there is a legal defense to plaintiff's cause of action. The court will be more diligent to prevent than permit judgment, if any justification can be found therefor. And the reason is that injury may be done the defendant by giving judgment on an affidavit when the rights of the plaintiff could not be jeopardized by a trial where the rights of the parties could be fully and fairly adjudicated.

■ The courts have said that "snap" judgments are not favored in this state.

It is not meant by this that a defendant will be relieved in any case of the legal requirement to set out in his affidavit a legal defense, and the nature and character thereof. It is not necessary, however, to state in the affidavit the evidence that would be required to establish his defense at a trial.

Judged by such rules what is the effect of the affidavit in question?

■ As we understand defendant's claim respecting recoupment, it is this: That the defendant advanced to Templeman Oil Corporation of Oklahoma, a subsidiary corporation of the defendant, $330,000, which W. E. Templeman and O. G. Frantz, agents of said corporation, and payees of the notes sued on, had charge and control of, and instead of devoting it to the proper development of the corporation they misappropriated and misapplied it, to the damage of the defendant in a greater amount than the plaintiff claims.

It is only necessary to say that such claim of recoupment could constitute no defense to plaintiff's claim because it does not appear that the matters stated in the affidavit of defense arose out of the same transaction as did the notes in suit. The law is so well settled on this point it is unnecessary to discuss it.

■ It is also well settled that the averment respecting "set-off" can constitute no defense to the plaintiff's claim because it clearly appears from the affidavit of defense that the counter-claim of the defendant is not liquidated, nor is it capable of ascertainment from the affidavit itself. Under the Delaware statute, the defendant's claim of set-off cannot avail as a defense.

■ A further answer to defendant's averment both of recoupment and set-off is found in two recent decisions of this court: *Tilden v. Stevenson*, 3 *W. W. Harr.* (33 *Del.*) 47, 130 *A.* 236, and 3 *W. W. Harr.* (33 *Del.*) 151, 132 *A.* 739.

The court in those cases held that misapplication of funds of a subsidiary corporation, all of whose stock was held by a holding or parent company, could not be pleaded in set-off or recoupment by holding company. Such is the situation in this case.

■ The third point relied on by the defendant is equally untenable because the mere pendency in other jurisdictions of suits on the same notes can constitute no defense to plaintiff's action here.

■ Taking up defendant's fifth point, we say that in our opinion an averment in an affidavit of defense that the plaintiff's

cause of action has wholly failed is not sufficient to prevent judgment on an affidavit of demand. It is rather a conclusion of law than a statement of the nature and character of a defense. There is no statement of facts from which the court can judge whether the consideration for the notes has failed or not. It is different from an averment of payment in that the latter term connotes a specific and conclusive fact which requires no other facts to support or explain it. It is not a conclusion of law, but a fact which speaks for itself. It may be said that while the averment of "payment" has been recognized as sufficient in an affidavit of defense it is as far as our courts have gone, or can go, in refusing judgment without a statement of facts showing the nature and character of the defense. It has been held by this court that an averment in an affidavit of defense that nothing is due and owing is not sufficient.

We have reserved till the last defendant's fourth point, viz., that suit and judgment in a Texas district court on the notes sued on here constitutes a defense to the plaintiff's claim.

This contention has given the court some trouble because of the argument and insistence of defendant's counsel that a judgment recovered on the same notes in a court of another state, in favor of the payees and holders of the notes before suit was entered here, must constitute a merger of the cause of action and a legal defense to the present suit. This would be true if it appeared from the affidavit that the foreign judgment was recovered in a court of competent or general jurisdiction, and the proceeding was in personam. From anything that appears in the affidavit the court may have been one of very limited jurisdiction, incompetent to enter a general judgment, and the proceeding may have been in rem, that is, against property attached and not against the defendant. It does not appear that the court had jurisdiction of the defendant either by personal service or appearance.

Certainly in case of suit on a foreign judgment much more would have to be proved than is disclosed by the affidavit. While the defendant, in his affidavit of defense, is not required to set out the evidence by which he expects to prove the facts averred, he must set out the facts that would, if proved, constitute a legal de-

fense. We think the mere averment that a judgment was recovered in a court of another state on the same cause of action at the suit of the original holders of the notes does not set out facts which if proved would constitute a defense to the action here. There are other essential facts that would have to be proved.

The court has, hesitantly and with much regret, reached the conclusion that the affidavit of defense filed in this case is insufficient, and not only because it is always reluctant to enter judgment upon an affidavit of demand when opposed by counter affidavit, but particularly in this case because the judgment will be for a very large sum. We wish our decision could be such as to remit the parties to a trial, but the law, as we understand it, will not permit it.

There is one fact that appears from the affidavit of defense which might, we first thought, help out the judgment, and that is the credit indorsed on its record in the Texas court. But it also appears from the affidavit that the defendant here was only one of three defendants in the Texas district court, and it further appears that a receiver was appointed during the proceeding. It is impossible to tell from what source the money credited on the judgment came, or how it was obtained—by payment on the part of the present defendant, some other defendant in the foreign court, or by attachment. And if by attachment and sale it is not shown that it was the property of the defendant here that was attached. The "credit," therefore, can have no significance in the present proceeding.

The court may say, in conclusion, that to justify a refusal of judgment because of "doubt," the doubt must be based on something more substantial and tangible than reluctance to grant the plaintiff's motion. It must come from the court's uncertainty as to whether the affidavit of defense sets out facts which, if proved, would constitute a legal defense. We do not entertain such a doubt in this case.

The motion of the plaintiff is granted.