**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted: April 14, 2022
Date Decided: May 10, 2022

Brian J. McLaughlin, Esquire
James A. Landon, Esquire
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, Delaware 19801

William D. Sullivan, Esquire
SULLIVAN HAZELTINE ALLISON LLC
919 North Market Street, Suite 420
Wilmington, Delaware 19801

Mark A. Haltzman, Esquire
William C. Katz, Esquire
SILVERANG, ROSENZWEIG &
HALTZMAN, LLC
900 East 8th Avenue, Suite 300
King of Prussia, Pennsylvania, 19406

RE: *First Chatham Bank v. Dominick Baffone, et al.,*
C.A. Nos. N21C-01-049 PRW; N21L-01-010 PRW; N21L-01-011 PRW

Dear Counsel:

Given the impending pre-trial conference and trial dates in these matters, the

Court provides this Letter Opinion in lieu of more formal written decision resolving

Plaintiff First Chatham Bank's three Motions for Summary Judgment in: (1) N21C-

01-049 PRW, (2) N21L-01-010 PRW, and (3) N21L-01-011 PRW. For the reasons

set forth below, all three Motions are **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. NON-PAYMENT ACTION (N21C-01-049 PRW).

Plaintiff First Chatham Bank brings this non-payment action against Defendants Dominick J. Baffone, III ("Dominick"[1]), Jean Baffone ("Jean"), Marc Baffone ("Marc"), and Kathleen Baffone ("Kathleen") (collectively, "Defendants"), alleging the Defendants failed to fulfill their contractual obligations as dictated by guarantees executed by each defendant in support of a promissory note.[2] First Chatham now brings a summary judgment motion in this non-payment action.[3] Additionally, First Chatham brings two *scire facias sur* mortgage foreclosure actions against each couple (Dominick and Jean, and Marc and Kathleen).[4] And First Chatham has filed motions for summary judgment in each of those actions, as well.[5]

First Chatham is a banking institution with its corporate headquarters located

---

[1]  Because the defendants all share the same surname the Court uses each person's first name to identify him or her.  No disrespect or undue familiarity is intended.

[2]  *See generally* Complaint, Jan. 8, 2021 (D.I. 1) ("Compl.").

[3]  *See* Pl.'s Mot. for S.J., May 4, 2021 (D.I. 14) ("First Motion"); *see also* Pl.'s Mot. for S.J., Jan. 14, 2022 (D.I. 25) ("Motion").

[4]  *See* Complaint (N21L-01-010 PRW), Jan. 13, 2021 (D.I. 1) ("Compl. (010)"); Complaint (N21L-01-011 PRW), Jan. 13, 2021 (D.I. 1) ("Compl. (011)").

[5]  *See* Pl.'s Mot. for S.J. (N21L-01-010 PRW), Nov. 19, 2021 (D.I. 17) ("Motion (010)"); Pl.'s Mot. for S.J. (N21L-01-011 PRW), Nov. 19, 2021 (D.I. 17) ("Motion (011)").

in Savannah, Georgia.[6]  Churchman's Car Wash Corp. ("CCWC") was a Delaware Corporation associated with Defendants, and not named as a defendant in the current actions.[7]  Dominick and Marc Baffone are brothers and were the sole shareholders of CCWC during all relevant times.[8]  Jean Baffone, Dominick's wife, and Kathleen Baffone, Marc's wife, are also named defendants in these actions, though neither were CCWC shareholders.[9]

On November 23, 2016, First Chatham and CCWC entered into a Construction Loan Agreement, whereby First Chatham extended CCWC a loan CCWC in the principal amount of One Million Eight Hundred Thirty Dollars ($1,830,000.00) (the "Loan") in exchange for CCWC executing a promissory note to First Chatham for the same amount (the "Note").[10]  On the same date, Dominick and Marc each executed an Unconditional Guarantee in support of CCWC's Note.[11]

---

[6]  Compl. ¶ 1.

[7]  *See id.* ¶ 6.

[8]  Decl. of D. Baffone, ¶¶ 3–4, Mar. 5, 2021 (D.I. 8); Decl. of M. Baffone, ¶¶ 3–4, Mar. 9, 2021 (D.I. 10).

[9]  Decl. of J. Baffone, ¶ 2, Mar. 8, 2021 (D.I. 9); Decl. of K. Baffone, ¶ 2, Mar. 9, 2021 (D.I. 12).

[10]  Compl. ¶¶ 6–8; *Id.* Ex. A, Loan Agreement; *Id.* Ex. B, Promissory Note.

[11]  *Id.* ¶¶ 17, 27; *Id.* Ex. G, D. Baffone Guarantee; *Id.* Ex. K, M. Baffone Guarantee.

Too, Jean and Kathleen each executed an Unconditional Limited Guarantee, specifying the properties to be used as collateral; those properties are the families' personal residences.[12]

Five days later, the Note was modified to extend the term of the interest-only payments by two months and the maturity date of the Note by an additional two months.[13]  Later, the Loan was modified to increase the principal amount from One Million Eight Hundred Thirty Thousand Dollars ($1,830,000.00) to One Million Nine Hundred Thirty-Five Thousand Eight Hundred Dollars ($1,935,800.00).[14] Accordingly, on April 24, 2017, each defendant executed a modification of his or her respective guarantee to reflect the increase in the Loan amount.[15]

On October 31, 2018, First Chatham and CCWC entered into a Forbearance Agreement that deferred the Loan principal and interest payments from October 1,

---

[12]   *Id.* ¶¶ 22, 32; *Id.* Ex. I, J. Baffone Guarantee at 2; *Id.* Ex. M, K. Baffone Guarantee at 2.

[13]   *Id.* Ex. C, Note and Loan Modification Agreement at 1.

[14]   *Id.* Ex. D, Modification to U.S. Small Business Administration Note at 1.

[15]   *Id.* Ex. H, D. Baffone Modification and Reaffirmation of U.S. SBA Unconditional Guarantee at 1; *Id.* Ex. J, J. Baffone Modification and Reaffirmation of U.S. SBA Unconditional Limited Guarantee at 1; *Id.* Ex. L, M. Baffone Modification and Reaffirmation of U.S. SBA Unconditional Guarantee at 1; *Id.* Ex. N, K. Baffone Modification and Reaffirmation of U.S. SBA Unconditional Limited Guarantee at 1.

2018, to December 1, 2018, and during which interest continued to accrue.[16] According to the Forbearance Agreement, First Chatham offered this forbearance period because CCWC failed "to make the requisite Loan payments."[17] On February 1, 2019, First Chatham and CCWC entered into a second Forbearance Agreement.[18] Like the first, First Chatham offered this second forbearance because CCWC failed to make the requisite Loan payments.[19]

On June 30, 2020, CCWC and its real property were sold to a third party for $673,129.17.[20] First Chatham consented to the sale, and the full payment was delivered to it at closing to contribute to the outstanding Loan balance.[21] This, however, did not fully cover Defendants' obligations. As a result, First Chatham alleges CCWC defaulted on its obligations under the Note and failed or refused to cure the default.[22] According to First Chatham, Defendants still owe the principal

---

[16]   *Id.* Ex. E, (First) Forbearance Agreement at 1.

[17]   *Id.*

[18]   *Id.* Ex. F, (Second) Forbearance Agreement at 1.

[19]   *Id.*

[20]   Decl. of D. Baffone, ¶ 18.

[21]   *Id.*

[22]   Compl. ¶¶ 13–14.

sum of One Million Two Hundred Thirty-Nine Thousand One Hundred Ninety-Two Dollars and Twenty Cents ($1,239,192.26).[23]

In late January 2021, First Chatham filed its Complaint seeking payment of all remaining funds owed by Defendants under the Note.[24] First Chatham requests each defendant be found jointly and severally liable for the Loan, $1,239,192.26, plus interest and late charges, plus attorney's fees.[25] The Complaint invoked 10 *Del. C.* § 3901, with a notation demanding that each defendant answer the Complaint by separate affidavit.[26] Defendants filed their Answer and then subsequently filed individual declarations of defense.[27]

First Chatham quickly filed a Motion for Entry of Judgment against Defendants under 10 *Del. C.* § 3901, or in the alternative, an Order granting summary judgment in favor of First Chatham pursuant to Superior Court Civil Rule

---

[23]   *Id.* ¶ 15.

[24]   *See generally id.*

[25]   *Id.* WHEREFORE clause (b).

[26]   *See id.* at 1.

[27]   *See* Answer to Compl., Mar. 1, 2021 (D.I. 7) ("Answer"); Decl. of D. Baffone; Decl. of J. Baffone; Decl. of M. Baffone; Decl. of K. Baffone.

56.[28] The Court denied that motion without prejudice.[29]

First Chatham has, after certain limited discover, filed the instant Rule 56 summary judgment motion.[30] In this motion, First Chatham seeks the principal amount of $1,239,192.26 on the Loan, with interest thereon through November 10, 2021, in the amount of $396,988.60 and thereafter until paid at a per diem rate of $263.12, plus fees and cost in the amount of $10,292.50, together with reasonable attorney's fees not to exceed twenty percent (20%) in the amount decreed for the principal and interest, plus the cost of this litigation.[31] Defendants filed their response.[32] Both parties then began a letter battle[33] that the Court put a quick stop to.[34] Shortly thereafter, the Court heard argument on this motion.[35]

---

[28] First Motion at WHEREFORE clause.

[29] Order, July 12, 2021 (D.I. 22).

[30] *See* Motion.

[31] *Id.* at WHEREFORE clause.

[32] Resp. to Mot. for S.J., Feb. 4, 2022 (D.I. 31) ("Response").

[33] Letter for Judicial Review, Feb. 8, 2022 (D.I. 32); Letter for Judicial Review, Feb. 8, 2022 (D.I. 33).

[34] *See* D.I. 34; D.I. 35.

[35] Judicial Action Form, Mar. 1, 2022 (D.I. 37).

### B.  *Scire Facias Sur* Mortgage Foreclosure Actions (N21L-01-010 PRW and N21L-01-011 PRW).

The non-payment action is just one action between these parties.  There are two others: each of the same kind, but naming each couple separately.  One is by First Chatham and against Dominick and Jean Baffone.[36]  The other is also by First Chatham but against Marc and Kathleen Baffone.[37]  Each of these two suits is a *scire facias sur* mortgage foreclosure action, which is subject to the "Automatic Residential Mortgage Mediation Program of the state of Delaware."[38]  Although mediation occurred in these two lawsuits, the Final Mediation Records from October 2021 and November 2021 state the mediation processes were unsuccessful because "the parties were unable to reach an offer in compromise."[39]  Both Final Mediation Records also state, as a result of the respective mediations, each defendant will not "stay in [his or her] home because [] [f]oreclosure will proceed."[40]

---

[36]  C.A. No, N21L-01-010 PRW.

[37]  C.A. No. N21L-01-011 PRW.

[38]  Compl. (010) ¶ 1; Compl. (011) ¶ 1.

[39]  Final Mediation R. (N21L-01-011) at 1, Oct. 28, 2021 (D.I. 15); Final Mediation R. (N21L-01-011 PRW) at 1, Nov. 29, 2021 (D.I. 20).

[40]  Final Mediation R. (N21L-01-010 PRW) at 2; Final Mediation R. (N21L-01-011 PRW) at 2.

First Chatham moved for summary judgment under Rule 56 in both *scire facias sur* mortgage foreclosure actions.[41]  Both Baffone couples responded.[42]  First Chatham replied.[43]  And the Court also heard argument on these motions.[44]

## II. APPLICLE LEGAL STANDARD

"Summary judgment is appropriate where the record demonstrates that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"[45]  "But, summary judgment will not be granted if 'a material fact is in dispute' or it 'seems desirable to inquire thoroughly into [the facts] to clarify the application of the law to the circumstances.'"[46]  Unless the Court is reasonably certain that there is no triable issue, it is within the Court's discretion to

---

[41]  Motion (010); Motion (011).

[42]  Defs.' Resp. in Opp'n to Pl.'s Mot. for S.J. (N21L-01-010 PRW), Jan. 12, 2022 (D.I. 24) ("Response (010)"); Defs.' Resp. in Opp'n to Pl.'s Mot. for S.J. (N21L-01-011 PRW), Jan. 12, 2022 (D.I. 25) ("Response (011)").

[43]  Pl.'s Reply to Defs.' Resp. (N21L-01-010 PRW), Feb. 14, 2022 (D.I. 27) ("Reply (010)"); Pl.'s Reply to Defs.' Resp. (N21L-01-011 PRW), Feb. 14, 2022 (D.I. 28) ("Reply (011)").

[44]  Judicial Action Form, Mar. 1, 2022 (D.I. 29); Judicial Action Form, Mar. 1, 2022 (D.I. 30).

[45]  *Parexel Int'l (IRL) Ltd. v. Xynomic Pharms., Inc.*, 2020 WL 5202083, at *4 (Del. Super. Ct. Sept. 1, 2020) (quoting Del. Super. Ct. Civ. R. 56(c)); *see also Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995) ("If the facts permit reasonable persons to draw but one inference, the question is ripe for summary judgment.").

[46]  *Unbound Partners, Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1023 (Del. Super. Ct. 2021) (alteration in original) (quoting *Ebersole v. Lowengrub*, 180 A.2d 467, 468–69 (Del. 1962)).

decline to decide the merits of the case in a summary adjudication, and to remit the parties to trial.[47]

"The movant bears the initial burden of demonstrating its motion is supported by undisputed material facts."[48] If the movant meets this burden, "then the non-movant must demonstrate that there is a 'genuine issue for trial.'"[49] In meeting its burden of rebuttal, the non-movant "may not rest upon mere allegations or denials."[50] Summary judgment "should not be granted when material issues of fact are in dispute or if the record lacks the information necessary to determine the application of the law to the facts."[51] To determine whether there is a genuine issue, the Court construes the record in the light most favorable to the non-movant.[52]

---

[47]   *Cross v. Hair*, 258 A.2d 277, 278 (Del. 1969).

[48]   *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[49]   *Humanigen, Inc. v. Savant Neglected Diseases, LLC*, 2021 WL 4344172, at *3 (Del. Super. Ct. Sept. 23, 2021) (quoting Del. Super. Ct. Civ. R. 56(e)).

[50]   *Carriere v. Peninsula Ins. Co.*, 2002 WL 31649167, at *2 n.7 (Del. 2002) (citing Del. Super. Ct. Civ. R. 56(e)).

[51]   *Gateway Ests., Inc. v. New Castle Cnty.*, 2015 WL 13145613, at *13 (Del. Super. Ct. Sept. 29, 2015), *aff'd*, 140 A.3d 1142 (Del. 2016).

[52]   *Humanigen, Inc.*, 2021 WL 4344172, at *3 (citing *Judah v. Del. Tr. Co.*, 378 A.2d 624, 632 (Del. 1977)).

### III. DISCUSSION

**A. Non-Payment Action (N21C-01-049 PRW).**

**1. Parties' Contentions.**

First Chatham alleges there is no genuine issue of material fact, and, therefore, it is entitled to judgment as a matter of law.[53] First Chatham states it served discovery requests on Defendants Dominick and Marc Baffone in August 2021.[54] This included Rule 36 Requests for Admission ("RFAs").[55] First Chatham states each defendant failed to file responses to the RFAs by the deadline set in Rule 36, which is thirty (30) days after service of the RFAs.[56] As a result, contends First Chatham, "each matter which is subject to [First Chatham's] [RFAs] is deemed admitted."[57] This includes: CCWC defaulted on its payment obligation under the Note; Defendants received notice of the CCWC's default on the Note, which is guaranteed by Defendants; and payment under the Note is due.[58]

---

[53]  Motion ¶ 8.

[54]  *Id.* ¶ 5.

[55]  *Id.*

[56]  *Id.*; *see also* Del. Super. Ct. Civ. R. 36(a) (2022).

[57]  Motion ¶ 5.

[58]  *Id.* ¶¶ 7f–h.

In the main, Defendants fail to take straight aim at First Chatham's claim.[59] Instead, Defendants contend First Chatham failed to conduct settlement negotiations in good faith via the mandatory mediation process applicable to foreclosure actions under the Small Business Association's ("SBA") Offer in Compromise ("OIC") procedures.[60] Defendants contend summary judgment is "premature" as a result of this noncompliance with good-faith effort requirements.[61] To support their conclusion, Defendants say First Chatham improperly seeks an *in personam* judgment against Jean and Kathleen Baffone, both of whom executed limited personal guarantees, while foreclosure efforts are still pending.[62] Defendants further insist summary judgment is premature as to Dominick and Marc Baffone because "it is impossible to determine if there will be a deficiency necessitating [an] *in personam* judgment against anyone" unless and until the foreclosure actions are resolved and a sheriff's sale of the properties occurs.[63]

---

[59]  *See generally* Response.

[60]  *Id.* ¶ 2.

[61]  *Id.* ¶ 5.

[62]  *Id.* ¶¶ 6–7.

[63]  *Id.* ¶ 8.

After argument, the Court requested that the parties submit supplemental answers to two questions: (1) can the Court consider default admissions under Rule 36 legally sufficient to support a conclusion that there is no genuine issue of material fact on these summary judgment motions; and (2) how much weight should the Court ascribe the alleged default admissions when deciding these motions for summary judgment in light of *Bryant ex rel. Perry*?[64]  First Chatham says the first question should be answered in the affirmative because "all of Defendants' admission are factual in nature," as opposed to "admissions of a legal conclusion."[65] As to the second, First Chatham suggests the Court's role at this stage is not to weigh the evidence or to determine the truth of the matter, but only to determine whether a genuine issue exists for trial.[66]  First Chatham concludes that Defendants failed to carry their burden of showing that a disputed fact remains for resolution by this Court.[67]  Unsurprisingly, Defendants contend the first question should be answered in the negative because, in their view, First Chatham requested admissions "that

---

[64]  Letter (N21C-01-049 PRW), Mar. 24, 2022 (D.I. 38).

[65]  *See* First Chatham's Supp. Ans. at 1–2 (N21C-01-049 PRW), Apr. 14, 2022 (D.I. 42).

[66]  *See id.* at 3–4.

[67]  *Id.* at 4.

asked the ultimate question in this litigation"—rendering the second question inconsequential.[68]

### 2. Rule 36's Application in the Non-Payment Action.

Under Delaware Superior Court Civil Rule 36, an "[RFA] is *admitted* unless, within 30 days after service of the request, or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter."[69] Further, "[a]ny matter *admitted* under this Rule is conclusively established unless the Court on motion permits withdrawal or amendment of the admission."[70]

As noted previously, the Court must consider our Supreme Court's guidance in *Bryant ex rel. Perry*.[71] In that case, the plaintiff filed paper copies of a complaint, a praecipe, and other required documents in this Court on May 1, 2006—the last day of the limitations period for the plaintiff's action. The next day, the Prothonotary informed the plaintiff that the "hard copy" filing was being rejected because it was

---

[68]  Letter for Judicial Review (N21C-01-049 PRW), Apr. 14, 2022 (D.I. 41).

[69]  Del. Super Ct. Civ. R. 36(a) (emphasis added).

[70]  *Id.* (emphasis added).

[71]  *Bryant ex rel. Perry v. Bayhealth Med. Ctr., Inc.*, 937 A.2d 118 (Del. 2007).

required to be e-Filed. Later that same day, the plaintiff e-Filed the same documents that had been filed the day before (including the praecipe) and filed another hard copy of the praecipe on June 21, 2006. Only then did the Prothonotoary issue a summons to the Kent County Sheriff, who perfected service of process upon the defendant. The defendant filed a Rule 36 RFA requesting the plaintiff admit that the praecipe had been filed on June 21, 2006, and that it was the first "legally cognizable" document filed with the Court requesting service of process upon the defendant. Because the plaintiff failed to respond to the RFA within 30 days, the subject of the Request was deemed to have been admitted by default. The defendant moved for summary judgment on the ground that the action was time-barred as a matter of law. This Court granted the motion based solely on its conclusion that the plaintiff had judicially admitted that the first "legally cognizable" document ordering service upon the defendant had been filed on June 21. On appeal, the Supreme Court explained:

> The Superior Court also erred legally by giving effect to the judicial admission resulting from [the plaintiff's] counsel's untimely response to the Request for Admission. In this specific case, a request for admissions was not the proper vehicle to resolve a legal dispute over when this action was effectively commenced. The purpose of a request for admissions is not to deprive the party of a decision on the merits. Rather, it is to simplify trials by eliminating facts about which there is no real controversy, but which "are often difficult and expensive to

prove." Requests for admission "should not be used to establish the ultimate facts in issue" or to demand that the other party admit the truth of a legal conclusion.[72]

Here, the Court is satisfied that at least some of First Chatham's requests must be deemed admitted under Rule 36. The ultimate fact at issue in this dispute is whether Defendants defaulted on their repayment obligations. *Bryant ex rel. Perry* makes clear that the Court should not hold that Defendants admitted to a default simply because several of First Chatham's requests directly sought admissions to that effect.[73] But unlike in *Bryant ex rel. Perry*, where the defendant sought *only* admissions of legal conclusions, First Chatham also properly sought admissions as to basic, straightforward facts, including: (1) Plaintiff made the Loan to CCWC in the principal amount of $1,830,000.000 in accordance with a Construction Loan Agreement dated November 23, 2016;[74] (2) the principal amount of the Loan was subsequently increased to $1,935,800.00;[75] (3) the Defendants signed documents in connection with the Loan, under which they jointly and severally guaranteed

---

[72]  *Id.* at 126 (internal citations omitted).

[73]  *See* Motion, Ex. 1, ¶¶ 20, 22, 25, 27, 29, 30, 31, 33 (requesting admissions of default).

[74]  *See id.*, Ex. 1, ¶¶ 3, 4, 5.

[75]  *See id.*, Ex. 1, ¶ 8.

payment to Plaintiff for all amounts owing under the Note;[76] (4) Defendants received notice dated June 20, 2019, demanding payment;[77] (5) "the loan . . . has not been repaid in full;"[78] and (6) "the principal amount of indebtedness . . . currently owed by [CCWC] to Plaintiff is $1,239,192.26."[79] The Court finds these requests must be deemed admitted based on Defendants' failure to respond within 30 days.

Further distinguishing this case from *Bryant ex rel. Perry* is that the fact the summary judgment record is not populated "solely"[80] by judicial admissions. The record also contains the Affidavit of Thomas W. Gash, the Director of SBA Lending of First Chatham Bank, which echoes the substance of the RFAs.[81] For example, Mr. Gash averred to his personal knowledge concerning the execution of the Loan documents, the amount of the Loan, the failure to pay the full amount of the Loan, the default under the Loan documents, and the amount remaining due and owing.[82]

---

[76]   *See id.*, Ex. 1, ¶ 13.

[77]   *See id.*, Ex. 1, ¶ 28.

[78]   *See id.*, Ex. 1, ¶ 32.

[79]   *See id.*, Ex. 1, ¶ 34.

[80]   *Bryant ex rel. Perry*, 973 A.2d at 121.

[81]   *See* Motion, Ex. 3.

[82]   *See id.*, Ex. 3, ¶¶ 1–15.

The record also includes the affidavit of Sabrina Leminska, Special Assets Manager for First Chatham, through which First Chatham submitted records showing the payment history on the Loan and the outstanding unpaid amount.[83]

Thus, the record of facts before the Court encompasses the undisputed averments of Mr. Gage and Ms. Leminska, along with certain admissions arising under Rule 36. In light of this record, First Chatham has met its initial burden of demonstrating its motion is supported by undisputed material facts. Defendants have not met their burden of showing any genuine issue for trial. Moreover, the record of undisputed facts is sufficiently developed that the entry of judgment for First Chatham would not be premature. Accordingly, the motion is **GRANTED**.

## B. *SCIRE FACIAS SUR* MORTGAGE FORECLOSURE ACTIONS (N21L-01-010 PRW AND N21L-01-011 PRW).

### 1. Parties' Contentions.

First Chatham filed summary judgment motions in each of the *scire facias sur* mortgage foreclosure actions—one against Dominick and Jean Baffone, and the other against Marc and Kathleen Baffone.[84] The motions are identical and will now

---

[83]    *See id.*, Ex. 4.

[84]    *See* Motion (010); Motion (011).

be resolved together. First Chatham's arguments here are nearly identical to its arguments in the non-payment action. It contends each defendant executed a guarantee, making each defendant jointly and severally liable for amounts due under the Note.[85] CCWC defaulted on its payment obligations under the Note, and, as such, First Chatham now demands payment for the outstanding balances due under the Note.[86] In these two actions, First Chatham contends there is no genuine issue as to any material fact "as to why the mortgaged premises ought not to be seized and taken in execution for the payment of indebtedness."[87] To that end, it contends, the terms of the Mortgages and Mortgage Modification Agreements make clear First Chatham may seize the properties at issue due to Defendants' defaults.[88] It further states Defendants failed to raise any valid defense.[89]

Likewise, each couple's response is identical,[90] and will be discussed together.

---

[85]   Motion (010) ¶¶ 3d–e; Motion (011) ¶¶ 3d–e.

[86]   Motion (010) ¶¶ 3f–h; Motion (011) ¶¶ 3f–h.

[87]   Motion (010) ¶ 4; Motion (011) ¶ 4.

[88]   Motion (010) ¶ 1; Motion (011) ¶ 1; *see also* Compl. (010), Ex. E, Certified Copy of Mortgage at 11–12, 13–14; Compl. (011), Ex. E, Certified Copy of Mortgage at 11–12, 13–14.

[89]   Reply (010) at 1; Reply (011) at 1.

[90]   *See* Response (010); Response (011).

Defendants again focus their arguments on First Chatham's alleged failure to conduct settlement negotiations in good faith under the SBA's OIC procedures.[91] Defendants contend they provided offers in compromise to First Chatham, but First Chatham failed to provide counteroffers.[92] This, say Defendants, constitutes a failure by First Chatham to abide by the OIC procedures.[93] As such, Defendants requested the Court to refer the matters for further mediation.[94] Defendants admitted during argument that their proffered defense was one "based solely in equity and notions of justice," rather than one of the *scire facias sur* defenses recognized by Delaware courts.[95]

### 2. *Scire Facias Sur* Mortgage Analysis.

"A complaint on a sci fa sur mortgage puts the existence of the mortgage debt in issue and orders the mortgagor to show cause why the mortgaged premises should

---

[91]  Response (010) ¶ 23; Response (011) ¶ 23.

[92]  Response (010) ¶ 23; Response (011) ¶ 23.

[93]  Response (010) ¶ 23; Response (011) ¶ 23.

[94]  Response (010) ¶ 27; Response (011) ¶ 27.

[95]  Tr. of Mot. Hr'g at 22:23–23:1.

not be taken in execution and sold to satisfy the debt."[96] "The sci fa proceeding may appear simple, because the facts are usually undisputed, but it is the mortgagor's chance to litigate the existence of the debt and present any defenses."[97]

"The writ of *scire facias sur* mortgage is founded upon a record, the record being the Mortgage."[98] "The defenses available are limited to satisfaction, payment, or avoidance of the [mortgage]."[99] "A plea in avoidance must relate to the mortgage sued upon, i.e., the plea must relate to the validity or illegality of the mortgage documents."[100] These include: "acts of God, assignment, conditional liability, duress, exception, forfeiture, fraud, illegality, justification, non-performance of condition precedents, ratification, unjust enrichment[,] and waiver."[101] "If a

---

[96] *Shrewsbury v. The Bank of New York Melon*, 160 A.3d 471, 475 (Del. 2017) (quoting *Matter of Celeste Ct. Apartments, Inc.*, 47 B.R. 470, 474 (D. Del. 1985)); *see also* DEL. CODE ANN. tit. 10, §5061(a) (2022).

[97] *Shrewsbury*, 160 A.3d at 475 (internal quotations and citations omitted).

[98] *U.S. Bank Nat'l Ass'n as Trustee of NRZ Pass Through Trust IX v. Hegedus*, 2021 WL 1987484, at *1 (Del. Super. Ct. May 18, 2021) (citing *Gordy v. Preform Bldg. Components, Inc.*, 310 A.2d 893, 895 (Del. Super. Ct. 1973)).

[99] *U.S. Bank*, 2021 WL 1987484, at *1 (citing *Gordy*, 310 A.2d at 895); *see also CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *5 (Del. Super. Ct. Mar. 4, 2013) ("Delaware courts recognize the defenses of payment, satisfaction or avoidance.").

[100] *CitiMortgage, Inc.*, 2013 WL 1143670, at *5 (internal quotations omitted).

[101] *Id.*; *First Fed. Sav. & Loan Ass'n of Norwalk v. Falls*, 1986 WL 9916, at *1 (Del. Super. Ct. Sept. 9, 1986); *Shrewsbury*, 160 A.3d at 475.

mortgagor fails to assert one of these legally recognized defenses, the mortgagee is entitled to summary judgment."[102]

### a. Defendants Have Not Demonstrated Any Issue of Material Fact Exists.

In these foreclosure actions, First Chatham, as movant, has demonstrated that no issue of material fact exists. Too, Defendants do not argue there is a dispute as to any material facts.[103] The principal amount of the Loan to CCWC is evidenced by the Note, which is signed by Dominick Baffone.[104] Defendants executed guarantees for payment of the Loan.[105] Defendants defaulted on CCWC's Loan payments under the Note.[106] Defendants' obligation to pay First Chatham in the event of a default is secured by their Mortgages and Mortgage Modification Agreements.[107] The Mortgages and Mortgage Modification Agreements permit First

---

[102] *Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 2019 WL 4733430, at *7 (Del. Super. Ct. Sept. 27, 2019); *see id.* at *7 n.52 (collecting cases).

[103] *See generally* Response (010); Response (011).

[104] Motion (010) ¶¶ 3b–c; Motion (011) ¶¶ 3b–c.

[105] *See* Compl. (010), Ex. C, D. Baffone Guarantee; *Id.* Ex. D., J. Baffone Guarantee; Compl. (011), Ex. C, M. Baffone Guarantee; *Id.* Ex. D, K. Baffone Guarantee.

[106] Motion (010) ¶ 3f; Motion (011) ¶ 3f.

[107] Compl. (010), Ex. E, Certified Copy of Mortgage at 11–12, 13–14; Compl. (011), Ex. E, Certified Copy of Mortgage at 11–12, 13–14.

Chatham to seize the properties at issue due to Defendants' defaults on their obligations under their guarantees.[108]  These facts are the same as those admitted by default in the non-payment action.

"Once the movant meets its burden, the party opposing summary judgment must come forward with admissible evidence, other than mere denials, showing the existence of a genuine issue of fact."[109]  Defendants have failed to do so.[110]  Instead, their alleged disputes are fashioned as legal arguments, not factual disputes.[111]  Accordingly, no genuine issue of fact exists.[112]

### b. Defendants' **Scire Facias Sur** *Defenses Are Legally Deficient.*

Recall, the only acceptable defenses in these actions are payment, satisfaction, or avoidance of the mortgage.[113]  Defendants do not plead payment or satisfaction.

---

[108]  Compl. (010), Ex. E, Certified Copy of Mortgage at 11–12, 13–14; Compl. (011), Ex. E, Certified Copy of Mortgage at 11–12, 13–14.

[109]  *Wells Fargo Bank, NA v. Banning*, 2021 WL 212750, at *4 (Del. Super. Ct. Jan. 21, 2021).

[110]  *See generally* Response (010); Response (011).

[111]  *See* Response (010) ¶¶ 23–27; Response (011) ¶¶ 23–27.

[112]  *Wells Fargo Bank, NA*, 2021 WL 212750, at *4 (finding there was no genuine issue of material fact on a motion for summary judgment in a *sci fa sur* mortgage action where non-movant made only arguments pertaining to legal defenses, not factual disputes).

[113]  *U.S. Bank*, 2021 WL 1987484, at *1 (citing *Gordy*, 310 A.2d at 895); *see also CitiMortgage, Inc.*, 2013 WL 1143670, at *5 ("Delaware courts recognize the defenses of payment, satisfaction or avoidance.").  Additionally, it appears that any defenses here were raised in the Responses to the Motions, and not raised originally in the Answer or any affidavit.  The Delaware Supreme

One potential—but ineffective—defense the Court might construe with a very generous read of Defendants' version of events is avoidance allowed by non-performance of a condition precedent. Defendants argue First Chatham failed to negotiate in good faith as required by the SBA's OIC procedures.[114] But this no defense under Delaware (or any other identifiable) caselaw. Even still, First Chatham's Reply asserts it negotiated in good faith because: (1) it provided counteroffers to Defendants' offers in compromise,[115] and (2) Defendants' interpretation of the OIC procedures are incorrect because those procedures at best recommend—but do not require—certain acts.[116] For instance, the procedures recommend parties *should* negotiate in good faith to reach a compromise where personal residences are at stake, but it is not required.[117]

---

Court has stated that the failure of a defendant to assert a valid defense in the answer or accompanying affidavit in accordance with 10 *Del. C.* § 3901 constitutes waiver. *Gillette v. Wilmington Sav. Fund Soc'y, FSB*, 2020 WL 7861341, at *2–3 (Del. Dec. 31, 2020).

[114] Response (010) ¶ 23; Response (011) ¶ 23. The entirety of Defendants' responses focuses on First Chatham's failure to negotiate in good faith and not on their affidavit defenses. As such, in construing the facts in the light most favorable to the non-movant, this is the only conceivable defense that can be drawn.

[115] Reply (010) at 4; Reply (011) at 4.

[116] Reply (010) at 4–5; Reply (011) at 4–5.

[117] Reply (010) at 5; Reply (011) at 5; Response (010), Ex. A, U.S. SBA SOPs, ch. 20, § B.1.

Other purported avoidance defenses might be creatively divined from Defendants' § 3901 affidavits. They assert: (1) First Chatham has not alleged facts that a default occurred;[118] and (2) First Chatham has not provided documentation explaining the sum of money it seeks.[119] Too, with respect to Jean and Kathleen Baffone, they contend those two received no consideration in exchange for their guarantees or mortgages.[120]

As to the contention that First Chatham did not allege facts that a default occurred, this has already been addressed above—there simply are no genuine issues of material fact in this regard. The Baffones' affidavits make this contention,[121] but their responses do not.[122] And the final mediation records make clear that foreclosure will occur.[123] It would make no sense for foreclosure to occur if there had been no default. Accordingly, the Defendants' attempt to conjure some no-default factual dispute is wholly insufficient to repel summary judgment.

---

[118] Decl. of D. Baffone (N21L-01-010 PRW), ¶¶ 8–16, Mar. 5, 2021 (D.I. 7).

[119] *Id.* ¶ 17.

[120] Decl. of J. Baffone (N21L-01-010 PRW), ¶ 7, Mar. 8, 2021 (D.I. 8).

[121] *See, e.g.*, Decl. of D. Baffone (N21L-01-010 PRW); Decl. of J. Baffone (N21L-01-010 PRW).

[122] *See generally* Response (010); Response (011).

[123] Final Mediation R. (N21L-01-010 PRW) at 2; Final Mediation R. (N21L-01-011 PRW) at 2.

As to the contention that First Chatham did not provide documentation explaining the sum it is now due, there is likewise no genuine dispute remaining. The filings and record evidence clearly demonstrate the links from the Loan, to the Note, to the guarantees and Mortgages. And it is now equally clear the sum of money sought is ascertainable and directly related to the outstanding debt owed.[124] The Defendants' simple contrary forswearing can't forestall summary judgment here.

Finally, as to Jean and Kathleen's lack-of-personal-consideration argument, their Guarantee agreements at Paragraph 10, Line J read: "CONSIDERATION: The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan."[125] Defendants provide neither facts nor law to support some conclusion that this provision in their signed agreement is inaccurate or invalid. In turn, Jean

---

[124] The principal amount of the Loan to CCWC is evidenced by the Note, which is signed by Dominick Baffone. Motion (010) ¶¶ 3b–c. Defendants executed guarantees for payment of the Loan. *See* Compl. (010), Ex. C, D. Baffone Guarantee; *Id.* Ex. D, J. Baffone Guarantee; Compl. (011), Ex. C, M. Baffone Guarantee; *Id.* Ex. D, K. Baffone Guarantee. Defendants defaulted on CCWC's Loan payments under the Note. Motion (010) ¶ 3f; Motion (011) ¶ 3f. The Loan was for $1,935,800, and CCWC was sold, to cover part of the Loan, for $673,129.17. Compl., Ex. D, Modification to U.S. Small Business Administration Note at 1; Decl. of D. Baffone ¶ 18. And, now, First Chatham seeks $1,239.192.26. Compl. WHEREFORE clause (b).

[125] Compl. (010), Ex. D, J. Baffone's Guarantee at ¶ 10; Compl. (011) Ex. D, K. Baffone's Guarantee at ¶ 10.

and Kathleen's asserted lack of consideration based on a purported lack of money or other value passing directly from First Chatham to them individually is conclusory and provides no valid legal § 3901 defense here.[126]

There is no real dispute on any material fact in these *scire facias sur* mortgage foreclosure actions. And Defendants haven't raised a single valid legal defense thereto. Accordingly, summary judgment in favor of First Chatham in the two separate *scire facias sur* mortgage foreclosure actions is due.[127]

## IV. CONCLUSION

For the foregoing reasons, all three summary judgement motions are **GRANTED**.[128] The parties are to confer and First Chatham shall submit a form of order of judgment for these three actions on or before June 3, 2022.

**IT IS SO ORDERED**.

Original to Prothonotary                                        Paul R. Wallace, Judge

---

[126] *See, e.g., Frantz v. Templeman Oil Corp.*, 134 A. 47, 48-49 (Del. Super. Ct. 1926) ("[I]n our opinion an averment in an affidavit of defense that the plaintiff's cause of action has wholly failed is not sufficient to prevent judgment on an affidavit of demand. It is rather a conclusion of law than a statement of the nature and character of a defense. There is no statement of facts from which the court can judge whether the consideration for the notes has failed or not.").

[127] *See Windsor I, LLC*, 2019 WL 4733430, at *7 ("If a mortgagor fails to assert one of these legally recognized defenses, the mortgagee is entitled to summary judgment.").

[128] Accordingly, the scheduled dates for the remaining proceedings contained in each action's scheduling order are hereby **VACATED**.